(19 App. Div. 332.)

### KRAMER v. BJERRUM.

(Supreme Court, Appellate Division, First Department. July 2, 1897.)

1. FRAUDULENT REPRESENTATIONS—KNOWLEDGE OF MAKER.

In order to charge a party with responsibility for false representations, it is immaterial whether he knew them to be false or not, if they were false in fact, and made by such party as of his own knowledge.

2. SAME—EFFECT ON CONTRACT.

A contract for exchange of property, induced by the broker's representations as to the character of the property, which were false in fact, whether known to the broker to be so or not, is not binding upon a party thereto. Per Ingraham, J., concurring.

Appeal from trial term.

Action by Daniel Kramer against Ernst A. T. Bjerrum. From a judgment entered on the verdict of a jury, and from an order deny-, ing a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

L. A. Gould, for appellant.

A. L. Sire, for respondent.

VAN BRUNT, P. J. This action was brought to recover commissions alleged to be due to the plaintiff from the defendant upon the negotiation of an exchange of real estate, and also to recover upon a special agreement, whereby the defendant agreed to pay a further sum in case he failed to carry out the contract of exchange. The defendant denied the employment of the plaintiff and the agreement to pay, and alleged false representations upon the part of the plaintiff in regard to the rents received for the property which the defendant was to receive in exchange. Upon the trial the plaintiff gave evidence tending to show employment, the effecting of the exchange, and the execution of the contract therefor, and that the defendant refused to complete. The defendant gave evidence tending to show that the plaintiff had repeated to him, as of his own knowledge, that the rents of the premises which he was to receive in exchange for his own were from $6,000 to $6,200 a year, whereas in fact the rents did not amount to over $5,040. The defendant gave further evidence tending to show that he was induced by this representation to enter into the contract, and that the cause of his refusal to complete was that he ascertained that it was untrue. At the close of the evidence the learned charged the jury, and, among other things, stated that if the plaintiff said what the defendant says he did, the jury must then find that he did it to overreach the defendant; that it was fraudulent, because he knew it was fraudulent, and putting into the mind false facts. Upon the completion of the charge the defendant requested the court to charge as follows: "If plaintiff stated to defendant of his own knowledge that the aggregate rents of the Ninety-Third street property were upwards of $6,000, and defendant was thereby influenced to act,—to enter into the contract,—and such a statement was untrue to defendant's prejudice, in that the rents were materially less, then plaintiff is not enti-

tled to recover." The court said: "That is true, if you add to it that the representations were intentionally false on the part of Mr. Kramer." To this ruling of the court the defendant excepted, and the jury rendered a verdict for $737.50, with interest.

We think the refusal to charge as requested was clearly error. It was entirely immaterial whether the plaintiff knew the representation to be false or not, if it was made as of his own knowledge. A party cannot represent a fact as being of his own knowledge, and escape the consequence of such a representation by claiming subsequently that he did not know anything upon the subject. The defendant had a right to rely upon this representation, and to hold the plaintiff to it, if the plaintiff alleged that these facts were of his own knowledge, and were as claimed by the defendant. The defendant claimed to have been influenced by this representation, and, being so influenced, the representation being untrue, and the property not being of the value which it was represented to be, he had a right to refuse to consummate the contract, and is not liable for commissions. It is impossible to understand upon what theory the jury arrived at the amount of their verdict. Either the plaintiff was entitled to the whole amount claimed or to nothing. They seem to have compromised the matter, giving him about two-thirds of the amount of his claim.

We think for the error named the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

WILLIAMS, PATTERSON, and O'BRIEN, JJ., concur.

INGRAHAM, J. I concur on the ground that the plaintiff failed to prove his cause of action in not showing that he procured a person ready to purchase the property upon the terms settled by the defendant. A contract was signed, but the consideration that was to be paid for the defendant's farm was the conveyance of a piece of property, which was not in some important particulars as represented to the defendant. Whether or not the plaintiff was responsible for these representations, the defendant was induced to sign the contract by false representations as to the value and the rental of the property which he was to receive, and consequently no valid contract was made which the defendant was bound to observe, and the plaintiff therefore did not perform the services that he was bound to, perform to entitle him to compensation.