(25 Misc. Rep. 664.)

### ENRIGHT v. FELLHEIMER.

· (Supreme Court, Trial Term, New York County. December, 1898.)

1. REPLEVIN—FRAUD—INTENT TO DECEIVE.
> Plaintiff in replevin based on rescission of a contract of sale induced by actual fraud must prove an intent to deceive.

2. SAME—INNOCENT MISREPRESENTATIONS—COMPLAINT.
> Complaint in replevin, based on rescission of a sale induced by innocent misrepresentations, must allege that, before demand for the property, defendant knew of the falsity of the representations.

Action by William J. Enright against Isidore Fellheimer, assignee, for property alleged to have been obtained by misrepresentation. A request to charge that plaintiff was not bound to show an actual intent to deceive was granted, and verdict was given for plaintiff. Defendant moves for new trial. Granted.

Oppenheim & Severence, for plaintiff.
Blumenstiel & Hirsch, for defendant.

DUGRO, J. Upon the argument a question was presented as to whether the action of replevin can be based upon the rescission of a contract of sale induced by innocent misrepresentations. It does not appear that this question has been passed upon authoritatively in this country. In England such an action is maintainable. This may be due to the fact that since the judicature acts the rules of equity there prevail over those of law. It is not, however, necessary to determine this question, as the ground of the rescission made the basis of this action is actual fraud, and there could have been no actual fraud without an intent to deceive. If innocent misrepresentations could warrant rescission, and resulting rights could be enforced by replevin, the complaint in the action should contain an allegation that the defendant before the demand knew of the falsity of the representations. 1 Bigelow, Frauds, 410–412. In this action actual fraud must be proved, and this involves the proof of intent to deceive. See Kountze

v. Kennedy, 147 N. Y. 124, 41 N. E. 414; Tied. Sales, § 160.  That it is now well settled that there can be no fraud without dishonest intention, see Benj. Sales (Corbin's Ed.) § 429.  At section 461a will be found the statement that:

"At common law, except in the case of an innocent misrepresentation affecting the substance of the contract, so as to constitute a failure of consideration, the buyer's right to rescind was governed by the same considerations as would have entitled him to maintain an action for deceit.  But it seems clear that, to obtain relief in equity, it was sufficient for the buyer to prove that the representation was a material one, inducing the contract, and was false in fact."

At one time there was doubt whether a false statement, made negligently and on insufficient grounds, but with belief in its truth, was actionable.    That it is not actionable at law, see Add. Torts (Smith's Ed.) 737; Derry v. Peek, 14 App. Cas. 337.    The case referred to (Kramer v. Bjerrum, 19 App. Div. 332, 46 N. Y. Supp. 496) is not pertinent.    The learned presiding justice, in referring to representations, had in mind the statements alleged to have been made by the plaintiff, and not the representation of knowledge which was inferred from the express representation.    The fraud in that case lay in the representation that plaintiff had knowledge, and it was necessary to show that this representation was made with intent to deceive, and so it was immaterial whether the express representation was intentionally false.    The requests should have been denied.

Motion granted.