## POSTAL v. COHN et al.

(Supreme Court, Appellate Division, Second Department.  May 1, 1903.)

1. FRAUD—SALE OF HORSE—SUFFICIENCY OF EVIDENCE.

In an action for fraud and deceit in the sale of a horse, the only evidence that tended to prove that defendants had knowledge of its alleged unsoundness was that on the day of the delivery of the horse it was seen "wringing wet" in their possession. This they explained by saying that the horse was "soft." *Held* to be wholly insufficient proof of previous knowledge to make defendants guilty of fraud.

2. SAME—ACTION FOR FRAUD—RECOVERY FOR BREACH OF WARRANTY.

Municipal Court Act, § 170, Laws 1902, p. 1543, c. 580, requiring that the allegations of a pleading must be liberally construed, does not contemplate such looseness of construction as would be necessary to permit a plaintiff, in an action based on fraud in the sale of a horse, to recover on proof of a breach of warranty, it not appearing that the tort was at any time waived.

Hirschberg, J., dissenting.

Appeal from Municipal Court, Borough of Richmond, First District.

Action by Jacob Postal against Samuel G. Cohn and Meyer Hecht. Judgment for plaintiff, and defendants appeal.  Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George Tonkonogy, for appellants.
Frank H. Innes, for respondent.

WOODWARD, J.  The return certifies that the pleadings in this action were oral; that the complaint was "for deceit and fraud in the sale of a horse"; that the answer was a general denial and counterclaim; and that both parties demanded bills of particulars.  The record on appeal also contains a written complaint setting forth all the elements of a cause of action for fraud, and a bill of particulars, filed by the plaintiff, restating in substance the facts alleged in the complaint.  The court charged the jury that if they believed no fraud was committed there could be no recovery by the plaintiff, and a verdict was rendered for the plaintiff upon evidence affording no proof of the essential element of scienter.  2 Kent's Comm. 482, 489; Attwood v. Small, 6 C. & F. 444; Oberlander v. Spiess, 45 N. Y. 175.

The only evidence tending to prove that the defendants had knowledge of the alleged unsoundness of the horse was to the effect that on the day of the delivery to the plaintiff the horse was seen "wringing wet" while in the defendants' possession.  There is no evidence that this condition had continued for any length of time, or that it had been noted on any previous occasion.  The defendants, in explanation, say the horse was "soft."  This evidence was, we think, wholly insufficient as proof of scienter.  "A party relying upon the establishment of a cause of action, or a right to a remedy against another, based upon the alleged commission of a fraud by such person, must show affirmatively facts and circumstances necessarily tending to establish a probability of guilt, in order to maintain his claim.

81 N.Y.S.—69

When the evidence is capable of an interpretation which makes it equally as consistent with the innocence of the accused party as with that of his guilt, the meaning must be ascribed to it which accords with his innocence rather than that which imputes to him a criminal intent." Morris v. Talcott, 96 N. Y. 100, 107. It does not appear that the tort was at any time waived, and the authorities in this state do not allow this complaint to be considered as setting forth a cause of action for breach of warranty. "Where fraud is alleged as the basis of the action it must be proved. The law will not permit a recovery by proof of a right of action upon contract or of some other character, and this though facts may be stated, or may appear, which, in proper form, might sustain such an action." Truesdell v. Bourke, 145 N. Y. 612, 617, 40 N. E. 83. The same rule is declared in Degraw v. Elmore, 50 N. Y. 1; Ross v. Mather, 51 N. Y. 108, 10 Am. Rep. 562; Barnes v. Quigley, 59 N. Y. 265; Salisbury v. Howe, 87 N. Y. 128. Conaughty v. Nichols, 42 N. Y. 83, is not out of harmony with these views. As was pointed out in Greentree v. Rosenstock, 61 N. Y. 583, that case maintains only that an action upon contract does not cease to be such because the pleading contains an incorrect conclusion of law having the aspect of a tort. For the same reason The Town of Green Island v. Williams, 79 App. Div. 260, 79 N. Y. Supp. 791, does not aid the plaintiff. The case at bar is in all material respects similar to Ross v. Mather, supra. In that case the plaintiff had judgment in an action to recover damages upon the sale of a horse. The complaint contained all the elements of a cause of action for fraud; not as averments of conclusions of law, but, as in the case here under review, statements of specific facts. Only a cause of action for breach of warranty was proved. In reversing the judgment of the General Term, entered upon an order denying defendant's motion for a new trial and directing judgment upon the verdict, the Court of Appeals said:

"The Code never intended that a party who had failed in the performance of a contract, merely, should be sued for a fraud, or that a party who had committed a fraud should be sued for a breach of contract, unless the fraud was intended to be waived. The two causes of action are entirely distinct, and there can be no recovery as for a breach of contract where a fraud is the basis of the complaint."

Section 170 of the municipal court act, Laws 1902, p. 1543, c. 580, requiring that the allegations of a pleading must be liberally construed, does not contemplate such looseness of construction as would be necessary to take this case out of the condemnation of the rule of these decisions. There was rather an entire failure of proof of the cause of action alleged, within the meaning of section 173 of that act.

We think the judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event.

GOODRICH, P. J., and BARTLETT and JENKS, JJ., concur. HIRSCH-BERG, J., reads memorandum for affirmance.

HIRSCHBERG, J. I dissent. I think the fact that the horse was delivered in the wet condition testified to, coupled with the fact,

which the defendant concedes, that when he was returned to him the next day he was absolutely worthless, is some proof of knowledge on defendants' part.　But that question was not raised on the trial, and should not be presented first on appeal.