(97 App. Div. 385.)

### LYON v. JAMES et al.

(Supreme Court, Appellate Division, Second Department. October 14, 1904.)

1. CORPORATIONS—LIABILITY OF DIRECTORS TO STOCKHOLDER—FRAUD.

    A pamphlet falsely stating the financial condition of a corporation was issued and distributed in the name and under the sanction of defendants, the directors, whereby plaintiff was induced to become and remain a stockholder, to her financial injury; but of defendants only G., the active manager, knew of the falsity of the representations, and the others did not make them recklessly, not caring whether they were true or not, but they merely relied on the fidelity and truthfulness of G., and neglected their duty, in the proper discharge of which they would have learned the truth. *Held*, that relief by way of compelling the directors to take plaintiff's place as a stockholder, returning to her her entire invest-

ment, could be had only against G., actual and intentional fraud being necessary therefor; and that the others were merely liable, on account of their neglect of duty, for whatever losses plaintiff sustained thereby.

Appeal from Special Term, Kings County.

Action by Catherine L. Lyon against Thomas L. James and others. From a part of the judgment plaintiff appeals, and from the whole of it defendant Abel H. Gilbert appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Edward P. Lyon, for appellant Lyon.

Wm. Hepburn Russell (Wm. Beverly Winslow and John E. Ruston, on the brief), for appellant Gilbert, and also for respondents Vermeule and Hard.

David Gerber, for respondent Thomas L. James.

Charles A. Deshon (Edwin L. Scofield, on the brief), for respondent Phineas C. Lounsbury.

John L. Hill, for respondent Edward Thompson.

HIRSCHBERG, P. J.　The action is brought and has been tried as one in equity. It is based upon allegations charging the defendants, as directors of the Anglo-American Savings & Loan Association, a corporation organized under chapter 122, p. 234, of the Laws of 1851, and amendatory acts, with intentional fraud and deceit in the management of the company, practiced upon her with the intent of defrauding her by inducing her, and succeeding in inducing her, to become and to remain a stockholder in the company to her financial injury. The relief sought is indemnity to the plaintiff by way of restitution to her former position, the demand for judgment being that the defendants shall be required to make good their fraud by repaying to her the money invested by her, with interest, irrespective of the value of her stock or of the actual damages sustained by her. By the judgment appealed from the relief sought is granted as against the defendant Gilbert, but denied as against the others, and her appeal is taken only from so much of the judgment as dismisses the complaint as against such others; while the defendant Gilbert appeals from the judgment as an entirety. By the terms of the decision and the judgment the plaintiff is required, on receiving payment from the defendant Gilbert, to assign her stock to him.

The main allegations of fraud relate to an undoubtedly insolvent condition of the company, connected with, if not occasioned by, unlawful transactions in the management and investment of its funds; and the main allegations of deceit and misrepresentation relate to the preparation, authorization, publication, and circulation of statements and pamphlets purporting to state the financial condition of the company, issued and distributed in the name and under the sanction of the defendants, and stating such condition falsely and in a manner calculated to deceive investors and stockholders. The defendant Gilbert was the active manager of the concern, and conceived and carried out its plans; and the learned trial court, upon consideration of very voluminous testimony, found, in substance, that he alone was guilty of the actual and intentional fraud which is the gravamen of the action.

In the short form of decision permitted at the time of the trial the court found as follows:

"That none of the defendants (other than the defendant Gilbert) made any fraudulent representation which induced the plaintiff to purchase or retain any stock in the association, and none of the said defendants (other than the said defendant Gilbert) published or circulated, or authorized the publication, circulation, or distribution of, any pamphlets of the association containing any fraudulent representations, or were guilty of any deceit in issuing any literature of the association. And I find that the defendant Gilbert did knowingly cause to be issued false literature, upon which the plaintiff relied, and that under the adjudication in the suit of Squiers v. Thompson and Others, reported in 73 App. Div. 552, 76 N. Y. Supp. 734, plaintiff is entitled to restitution."

Upon this finding, as I have said, judgment for restitution was ordered as against the defendant Gilbert only.

The finding of fact upon which the judgment is based should not be reversed. Assuming even that a contrary finding as to the defendants other than Gilbert might possibly have been sustained, it would have been necessarily limited to a recklessness of conduct which might amount to fraud in law, but could not have included actual, knowing, and intentional fraud. It cannot be said that the evidence preponderates in favor of even such a limited finding. The defendants referred to are men of high standing in their community, and while, of course, their good reputation was the very thing which would serve to make their names valuable as instruments for a fraudulent purpose in the use of a designing person, it cannot be doubted that, if they had either knowledge or suspicion at any time during the course of the transactions in question of the devious practices referred to or of the real financial condition of the company, they would have instantly prevented a continuance of the practices, and have wound up the concern, subject to whatever individual loss might legally be visited upon them. I find no claim in the appellants' briefs sustained by proof adduced upon the trial tending to indicate the possession of such knowledge or suspicion. That they should and would have had it in the proper discharge of their duties may be conceded, as also that they exhibited negligence and indifference to the obligations of the trust reposed in them, and an unusual degree of confidence in the individual to whom the active management had been intrusted; but it cannot be said that they were at any time conscious of wrongdoing, or that they ever intended by anything which they did or omitted to do to cheat or defraud the plaintiff or any one else. The real situation is well summed up in the language of the opinion delivered at the Special Term as follows:

"A most impressive lesson may be drawn by investors from the facts of this case of the utter futility of depending upon a directorate of a corporation composed of gentlemen of high position in the social, political, or financial world, who are otherwise fully engaged with business of more personal importance to themselves. This corporation was wrecked under the nose of these estimable gentlemen, who unsuspectingly and negligently relied almost entirely upon the fidelity and truthfulness of an official charged with the actual management of the affairs of the corporation."

It is equally unquestionable that by neglect of the duties devolving upon them and by the misconduct of inattention and indifference to the requirements of their place the defendants other than Gilbert became

liable for whatever statutory penalty may exist for such dereliction, and also became liable to the plaintiff for whatever losses she may have sustained by reason of the fraud perpetrated upon her under color of their names. The law will compel them to make good to her whatever she may have lost by her investment. But when she asks to have more than that done; when she seeks to compel the defendants to take her place as a stockholder in the company, to assume her holdings, and to return to her not her actual damages, but her entire investment—then the law requires that she should establish that she was the intentional, and not merely the incidental, victim of the defendants' delinquency. In other words, actual and intentional fraud must be shown to sustain such a cause of action and justify such relief. In Oberlander v. Spiess, 45 N. Y. 175, the Court of Appeals held that, in order to maintain an action for fraud and deceit based upon false representations, the representations must not only be false in fact, but the party making them must believe or have reason to believe them to be false. In Wakeman v. Dalley, 51 N. Y. 27, 10 Am. Rep. 551, the commission of appeals followed this decision, and held not only that, to sustain an action for fraud, founded upon representations made by the defendant, it must be made to appear that he believed or had reason to believe that the representations were false, or that, without knowledge, he assumed or intended to convey the impression that he had actual knowledge of their truth, but also that the rule is applicable to the case of representations made by a director of a corporation in the form of published statements and reports as to its financial condition, and that knowledge of all the affairs of the company cannot be imputed to him for the purpose of charging him with fraud. In Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651, the Court of Appeals held that in an action for deceit nothing would sustain the claim except proof of actual and intentional fraud as distinguished from breach of duty and the omission of care resulting in the plaintiff's damage, and that the misrepresentation upon which such an action is based must be shown not only to have been false and material, but it must also be shown that the defendant, when he made it, knew that it was false, or, not knowing whether it was true or false, and not caring what the fact might be, made it recklessly, paying no heed to the injury which might ensue. The court said (page 128, 147 N. Y., page 414, 41 N. E., 29 L. R. A. 360, 49 Am. St. Rep. 651):

"The principle stated by Croke, J. (3 Bulst. 95), in respect to actions for damages for deceit, that 'fraud without damage, or damage without fraud, gives no cause of action, but when these two concur an action lies,' has ever since been recognized as the true rule governing the subject. The cases are numerous. The principle has been obscured by the use by judges of the phrase 'legal fraud,' which has sometimes been interpreted as meaning fraud by construction, and as indicating that something less than actual fraud may sustain an action for deceit. The gravamen of the action is actual fraud, and nothing less will sustain it. The representation upon which it is based must be shown not only to have been false and material, but that the defendant, when he made it, knew that it was false, or not knowing whether it was true or false, and not caring what the fact might be, made it recklessly, paying no heed to the injury which might ensue. Misjudgment, however gross, or want of caution, however marked, is not fraud. Intentional fraud, as distinguished from a mere breach of duty or the omission to use due care, is an essential factor in an action for deceit. The man who intentionally deceives

another to his injury should be legally responsible for the consequences. But if, through inattention, want of judgment, reliance upon information which a wiser man might not credit, misconception of the facts or of his moral obligation to inquire, he makes a representation designed to influence the conduct of another, and upon which the other acts to his prejudice, yet, if the misrepresentation was honestly made, believing it to be true, whatever other liability he may incur, he cannot be made liable in an action for deceit."

It would seem to necessarily follow from the logic of this decision that, in the absence of a finding, or of evidence which would warrant a finding, that the defendants other than Gilbert either knew of the falsity of the representations charged, or made them recklessly, not caring whether they were true or false, the liability of such defendants must be limited to the making of compensation for the actual damages resulting from their misconduct, and cannot be extended to the liability which is enforced only in an action for actual and intentional fraud and deceit.

But it is said that the decision of this court in Squiers v. Thompson, 73 App. Div. 552, 76 N. Y. Supp. 734, is decisive of the controversy in the plaintiff's favor. I do not so understand it. That action was brought upon a complaint in the form of the one at bar, and was decided upon demurrer, the fact of intentional fraud being admitted as alleged for the purposes of the demurrer. There were three grounds of demurrer, which were considered in the order named: First, that the complaint could not be sustained as stating a cause of action in equity; second, that there was a defect of parties defendant in that the receivers of the association were not joined; and, third, that there was an improper joinder of causes of action. The writer of the opinion, Presiding Justice Goodrich, concluded that the interlocutory judgment overruling the defendant's demurrer should be sustained upon all the grounds; saying (page 558, 73 App. Div., page 738, 76 N. Y. Supp.): "We are clearly of opinion that the plaintiff is entitled to equitable relief, that the receivers are not necessary parties to the action, that there has been no improper joinder of causes of action," etc. The other members of the court concurred on the first ground only, and the utmost extent of the decision, if it goes that far, is that the action as stated was good in equity. The defendants saw fit to stand on their demurrer, refusing to avail themselves of the privilege accorded of pleading to the facts; and judgment upon the demurrer admitting the facts as stated in the complaint, including the charge of an intent to defraud, was finally entered upon their default, and was affirmed by the Court of Appeals. Squiers v. Thompson, 172 N. Y. 652, 65 N. E. 1122. It is true that in the opinion of this court it is stated (page 556, 73 App. Div., page 736, 76 N. Y. Supp.) that "in equity the fraudulent intent of the defendants need not be proven, while at law such an intent must be established"; but that assertion was not necessary to the decision, and, while true as a general proposition, cannot be applied without qualification to the plaintiff's peculiar form of action. In any event, the decision in that case cannot be regarded as authorizing a recovery upon the facts as developed on the trial herein beyond the measure of success which the plaintiff has attained.

The judgment should be affirmed, with costs. All concur.