POLHEMUS v. POLHEMUS et al.

(Supreme Court, Appellate Division, Second Department.    October 6, 1905.)

CORPORATIONS—ACTION BY STOCKHOLDERS—SUING ON BEHALF OF CORPORATION—CONDITIONS PRECEDENT.

An action by a stockholder of a corporation to set aside a purchase of certain appliances and to recover for the benefit of the corporation purchase money paid therefor, before demand made on the directors that they bring the suit in the name of the company for the rescission of the contract, etc., and before they had refused or unreasonably delayed to bring the suit, was premature.

Appeal from Special Term, Kings County.

Action by Elsa C. Polhemus against Horace G. Polhemus and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

This action was brought by plaintiff as one of the stockholders of the John Polhemus Printing Company, a corporation organized under the laws of the state of New Jersey and doing business in New York. Plaintiff is the widow of Charles T. Polhemus, a brother of the defendant, who died October 10, 1900, leaving plaintiff 469½ shares of the stock of the company, which she held at the time the action was brought. The defendants on April 28, 1898, were all the stockholders and directors of the company, and on that day at a regular meeting of the board of directors it was resolved that the John Polhemus Printing Company should purchase from Horace G. Polhemus the pressroom plant known as the "Excelsior Press" for the sum of $16,000, as per the inventory annexed to the resolution, and that the purchase price should be covered by the issuance of interest-bearing notes covering a period of 16 months. This resolution was adopted, and later plaintiff sued to compel the vacation of such contract and to recover amounts paid thereunder for the benefit of the corporation; but the complaint did not allege that plaintiff before bringing the action in her own name made demand of the directors that they bring the suit in the name of the company for a rescission of the purchase, and that the directors had refused or unreasonably delayed to bring such suit.

See 88 N. Y. Supp. 273.

Argued before HIRSCHBERG, P. J., and BARTLETT, RICH, and MILLER, JJ.

James Parker, for appellants.
Henry Wilson Bridges, for respondent.

PER CURIAM. We are of the opinion that under the authority of Flynn v. Brooklyn City Railway Co., 9 App. Div. 269, 41 N. Y. Supp. 566, affirmed 158 N. Y. 493, 53 N. E. 520; Fitchett v. Murphy, 46 App. Div. 181, 61 N. Y. Supp. 182, and Greaves v. Gouge, 69 N. Y. 154, this action was prematurely brought. There is no allegation in the complaint, and no proof was made upon the trial, that the plaintiff applied to the corporation to commence the action, or that it had refused to prosecute or unreasonably delayed the commencement of the action. The judgment must therefore be reversed, and the complaint dismissed, with costs.