(114 App. Div. 781)

POLHEMUS v. POLHEMUS et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

1. CORPORATIONS—ACTION BY STOCKHOLDERS—REQUESTING ACTION BY CORPORATION.

A stockholder may bring an action in his own name for misconduct of the directors without first requesting the corporation to bring the action, where such directors are in control of the corporation.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 792.]

2. FRAUD—PROOF OF NEGLIGENCE.

Judgment for plaintiff in an action for fraud cannot be sustained on mere proof of negligence. There must have been intentional fraud.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fraud, §§ 2–5.]

3. CORPORATIONS—SUING ON BEHALF OF CORPORATION—FRAUD OF DIRECTORS—BURDEN OF PROOF.

The burden of proof as to fraud is on plaintiff, and not defendants, in an action against directors for fraudulently purchasing property for more than its value for the corporation from another director.

On rehearing. Reversed, and new trial granted.

For former opinion, see 95 N. Y. Supp. 325.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

HIRSCHBERG, P. J. This appeal has been reargued. After hearing the original argument, we reversed the judgment and dismissed the complaint. See Polhemus v. Polhemus, 108 App. Div. 353, 95 N. Y. Supp. 325. The court not only erred in dismissing the complaint, but also erred in the reasons assigned for so doing in the per curiam opinion then delivered. The record of the case is somewhat confusing. The learned trial court first filed an opinion and rendered judgment in favor of the defendants, dismissing the complaint, without costs.

In that opinion the only question considered is whether or not a stockholder must request a corporation to bring an action for misconduct of its directors or trustees before he can bring such an action in his own name. The rule to that effect is well settled in this state, but is subject to the exception that no such request or demand is necessary where the alleged delinquent directors are in control of the corporation; and the question had no relevancy whatever to this case, because it is alleged in the complaint and admitted in the answer that the defendant directors are in control of the corporation, and that a demand on them would not only be futile but prejudicial to the plaintiff. This allegation and admission was overlooked. After the decision in favor of the defendants had been rendered, the plaintiff obtained leave from the trial court to reopen the trial in order to be allowed to prove fraud and waste; and after a rehearing the court filed a second opinion directing the judgment appealed from.

The action is brought by a stockholder of the corporation known as the "John Polhemus Printing Company," and is brought against that company and its five directors. The purpose of the suit is to set aside as fraudulent a sale of a printing press alleged to have been made by defendants, Horace G. Polhemus and his wife, E. Dixon Polhemus, to the company; they being at the time majority stockholders. The learned trial court refused to set the sale aside because the press at the time of the trial was worn out in use by the company, and the court well stated that it would be unjust "to make the vendors take it back and restore the money, in the absence of proof of fraud or waste." By the judgment appealed from the sale has been in effect confirmed, and the defendant directors are required to pay the sum of $3,000, on a finding of fact that the purchase was made by them with the intent and purpose of cheating and defrauding the company out of that much money. The purchase was made for the sum of $16,000, and it may be that there is evidence tending to indicate that such sum was $3,000 in excess of the actual value of the press; but there is no evidence in the case that the defendant directors were aware of that fact or that they voted for the purchase with an intent to cheat and defraud the company.

It may be conceded that the defendant directors were negligent in not ascertaining by investigation that they were agreeing to pay more for the press than it was worth, and that for that reason they should be compelled to make good the difference. That, however, could only be done in an action brought upon that theory. It has been suggested that this court could make a finding, upon the evidence, of such negligence in support of the judgment appealed from; but the province of an appellate court is to review a trial actually had, not to try a case de novo, and there should be a hearing and determination of the issue of negligence before that question can be legally reviewed. As was said by Mr. Justice Jenks, in Levin v. Dietz, 106 App. Div. 208, 210, 94 N. Y. Supp. 419:

"The Appellate Division is not a trial court, and it is not within the general powers of a court of review to assume the functions of a trial court and to make a finding upon the evidence in order to sustain a judgment under review."

See, also, Benedict v. Arnoux, 154 N. Y. 715, 49 N. E. 326, and Snyder v. Seaman, 157 N. Y. 449, 52 N. E. 658.

As was said in Wright v. Delafield, 25 N. Y. 266, 270:

"Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue, and distinctly and fairly litigated."

In Becker v. Krank, 75 App. Div. 191, 193, 194, 77 N. Y. Supp. 665, the court said:

"It is a settled rule that recovery must be had, if at all, according to the allegations of the complaint. Day v. Town of New Lots, 107 N. Y. 148, 154, 13 N. E. 915; Wright v. Delafield, 25 N. Y. 266. It was said by Judge Earl in Southwick v. First National Bank, 61 How. Prac. 170, that 'pleadings and a distinct issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary.'"

In Truesdell v. Bourke, 145 N. Y. 612, 617, 40 N. E. 83, 85, the Court of Appeals said:

"This action is based upon fraud, and the plaintiff, before he can recover, must prove the complaint or substitute another in its place. Salisbury v. Howe, 87 N. Y. 128. Where fraud is alleged as the basis of the action, it must be proved. The law will not permit a recovery by proof of a right of action upon contract or of some other character; and this, though facts may be stated or may appear which in proper form might sustain such an action. DeGraw v. Elmore, 50 N. Y. 1; Ross v. Mather, 51 N. Y. 108, 10 Am. Rep. 562; Barnes v. Quigley, 59 N. Y. 265."

In Dudley v. Scranton et al., 57 N. Y. 424, it was held that a cause of action based on fraud in the execution of a written contract is distinct from that founded on a mistake merely, and it is not competent upon the trial to make a substitution of one for the other. In Postal v. Cohn, 83 App. Div. 27, 81 N. Y. Supp. 1089, this court held that, in an action brought to recover damages for a fraud perpetrated on the sale of a horse, a recovery could not be had upon the theory of a breach of warranty accompanying the sale of the horse, even though the proof established such a cause of action. In Absalom v. Sickinger, 102 App. Div. 383, 92 N. Y. Supp. 601, we held that, in an action brought to set aside a deed because of false representation that it was a will, a judgment could not be sustained in favor of the plaintiff which was rendered upon a finding that the execution of the deed had been procured by undue influence. And see Kervan v. Hellman, 110 App. Div. 655, 97 N. Y. Supp. 55.

Whatever may be done at the trial by amendment, etc., a judgment for one cause of action cannot be supported upon appeal as if for another cause of action. Fisher v. Rankin, 25 Abb. N. C. 191, 7 N. Y. Supp. 837; Dood v. Rothschild, 31 Misc. Rep. 721, 65 N. Y. Supp. 214; Hicks v. British Am. Assur. Co., 162 N. Y. 284, 56 N. E. 743, 48 L. R. A. 424. A case must be decided on the appeal on the theory upon which it was tried (Sears v. Wise, 52 App. Div. 118, 64 N. Y. Supp. 1063); and in Miller v. King, 88 Hun, 181, 182, 34 N. Y. Supp. 425, Presiding Justice Brown, writing for the former General Term in this department, said:

"The plaintiff should not be permitted to sustain his judgment on a different theory than that upon which it was recovered at the trial."

Moreover, as the judgment herein has been rendered, it must be regarded as one merely for damages because of fraud. The equitable relief sought in the complaint has been denied, and the judgment which has been rendered against the defendant directors, had the action been brought against them by the corporation, would have been a judgment in the common-law action of fraud or deceit. Had an action been brought against them by the corporation to recover damages occasioned by their negligence, it would also be an action, not in equity, but at law. O'Brien et al. v. Fitzgerald, 6 App. Div. 509, 39 N. Y. Supp. 707; Id., 143 N. Y. 377, 38 N. E. 371; Id., 150 N. Y. 572, 44 N. E. 1126; Empire State Savings Bank v. Beard, 151 N. Y. 638, 45 N. E. 1131; Dykman v. Keeney, 154 N. Y. 483, 48 N. E. 894; Marsh v. Kaye, 168 N. Y. 196, 61 N. E. 177. But, whether such an action is in law or in equity, it is well settled in this state that a judgment for damages for fraud cannot be upheld by proof of negligence, viz., that the defendants as directors of a corporation shut their eyes when buying property of an officer of the corporation and thereby exhibited recklessness or want of care. It follows that the finding of negligence, if made by this court, will not aid the judgment appealed from. In Lyon v. James, 97 App. Div. 385, 90 N. Y. Supp. 28; affirmed 181 N. Y. 512, 73 N. E. 1126, this court expressly held that in an action to recover damages for fraud against the directors of a corporation the plaintiff could not succeed, except as to those defendants who had been guilty of actual and intentional fraud; and that it was not sufficient for the plaintiff to establish that the defendants were guilty of a recklessness of conduct which might amount to a fraud in law, but which did not constitute actual, knowing, and intentional fraud.

In this connection the language of Chief Judge Andrews, in Kountze v. Kennedy, 147 N. Y. 124, 128, 129, 41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651, seems peculiarly applicable:

"The principle stated by Croke, J. (3 Bul. 95), in respect to actions for damages for deceit, that 'fraud without damage, or damage with fraud, gives no cause of action, but when these two concur an action lies,' has ever since been recognized as the true rule governing the subject. The cases are numerous. The principle has been obscured by the use by judges of the phrase 'legal fraud,' which has sometimes been interpreted as meaning fraud by construction, and as indicating that something less than actual fraud may sustain an action for deceit. The gravamen of the action is actual fraud, and nothing less will sustain it. * * * Misjudgment, however gross, or want of caution, however marked, is not fraud. Intentional fraud, as distinguished from a mere breach of duty or the omission to use due care, is an essential factor in an action for deceit. The man who intentionally deceives another to his injury should be legally responsible for the consequences. But if, through inattention, want of judgment, reliance upon information which a wiser man might not credit, or misconception of the facts or of his moral obligation to inquire, he makes a representation designed to influence the conduct of another, and upon which the other acts to his prejudice, yet, if the misrepresentation was honestly made, believing it to be true, whatever other liability he may incur, he cannot be made liable in an action for deceit. * * * While the common-law action of deceit furnishes a remedy for fraud which ought to be preserved, we think it should be kept within its ancient limits, and should not by construction be extended to embrace dealings which, however unfortu-

nate they may have proved to one of the parties, were not induced by actual intentional fraud on the part of the other."

I think, also, that it was error in the learned trial court to hold on the rehearing that the burden of proving the fraud alleged in the complaint was not upon the plaintiff, but that, on the contrary, the burden rested upon the defendant directors to show the absence of fraud. Whatever may be the rule as to a director selling to the company property of his own, it cannot be that as to the other directors a presumption of fraud will arise from the mere fact that they have voted to make a purchase of property at a somewhat higher price than its actual value.

The judgment should be reversed on reargument, and a new trial granted.

Judgment reversed on reargument, and a new trial granted; costs to abide the final award of costs. All concur.