nate they may have proved to one of the parties, were not induced by actual intentional fraud on the part of the other."

I think, also, that it was error in the learned trial court to hold on the rehearing that the burden of proving the fraud alleged in the complaint was not upon the plaintiff, but that, on the contrary, the burden rested upon the defendant directors to show the absence of fraud. Whatever may be the rule as to a director selling to the company property of his own, it cannot be that as to the other directors a presumption of fraud will arise from the mere fact that they have voted to make a purchase of property at a somewhat higher price than its actual value.

The judgment should be reversed on reargument, and a new trial granted.

Judgment reversed on reargument, and a new trial granted; costs to abide the final award of costs. All concur.

---

## POLHEMUS v. POLHEMUS et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

Appeal from Special Term, Kings County.

Action by Elsa C. Polhemus against Horace G. Polhemus and others. From an adverse judgment, defendants appeal. Dismissed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

PER CURIAM. Appeal dismissed, without costs. See Polhemus v. Polhemus (decided herewith) 100 N. Y. Supp. 263.

---

(114 App. Div. 813)

## SEYMOUR v. WARREN et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

1. CONTRACTS—RENUNCIATION—ACTION FOR BREACH.
   Where one party to a contract renounces it before time for performance, the other party may then sue for a breach.
   [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 1279, 1510, 1587.]

2. SAME—RESCISSION—WHAT CONSTITUTES.
   Defendants agreed with plaintiff to take charge of her premises, to preserve them, and to pay all expenses until a certain time, defendants to have the rentals and pay plaintiff a specified sum per month. Held that, defendants having broken the contract, the act of plaintiff in taking possession did not amount to a rescission.

Appeal from Special Term, Queens County.

Action by Cornelia Seymour against Walter H. Warren and another. From a judgment in favor of defendants, and from an order denying a new trial (93 N. Y. Supp. 651), plaintiff appeals. Reversed.

Argued before JENKS, HOOKER, RICH, and MILLER, JJ.

Edmund L. Mooney and Frederick A. Card, for appellant.

James J. Allen, for respondents.