## BELL v. JAMES et al.

(Supreme Court, Appellate Division, Second Department.   October 22, 1908.)

1. FRAUD (§ 13*)—GROUND OF ACTION.
To maintain a common-law action for deceit, the representation on which it is based must not only have been false and material, but defendant, when he made it, must have known that it was false, or, not knowing whether it was true or false, made it recklessly, without heed to the injury which might ensue.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 3–5; Dec. Dig. § 13.*]

2. CORPORATIONS (§ 317*)—FRAUD—ACTIONS—FINDINGS.
In an action by a stockholder against directors for fraud in conspiring to put out false statements of the affairs of the corporation, thereby inducing plaintiff to invest his money, the directors must be shown to have conspired to put out the statements, and to have done so knowing their falsity, to produce a fraudulent result, and merely that they were lax in the discharge of the duties of directors is not inconsistent with want of fraud.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1407½; Dec. Dig. § 317.*]

3. FRAUD (§ 50*)—EVIDENCE—PRESUMPTIONS.
Fraud is never to be presumed, but must be proved.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 46; Dec. Dig. § 50.*]

4. APPEAL AND ERROR (§ 907*) — FINDINGS — SUFFICIENCY OF EVIDENCE—PRESUMPTIONS.
Where the evidence is not contained in the case on appeal, the court must assume that the facts proved sustained the findings, and any additional findings required to support the conclusion of law not in conflict with the affirmative facts found.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3673; Dec. Dig. § 907.*]

5. CONSPIRACY (§ 19*)—FRAUD—EVIDENCE—PRESUMPTIONS.
A conspiracy for the purpose of circulating false statements of the affairs of a corporation is in essence a crime, and there can be no presumption of crime growing out of mere carelessness in not being better informed as to the truth of the situation.

[Ed. Note.—For other cases, see Conspiracy, Dec. Dig. § 19.*]

6. APPEAL AND ERROR (§ 846*)—FINDINGS—CONSTRUCTION.
The court on appeal must reconcile the findings; and, when that cannot be done, it must accept the findings most favorable to appellant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3347–3362; Dec. Dig. § 846.*]

Appeal from Trial Term, Queens County.

Action by Richard M. Bell against Thomas L. James and others. From a judgment granting insufficient relief, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Edward P. Lyon, for appellant.

William H. Russell (A. J. Dittenhoefer, Edwin L. Scofield, and Charles A. Deshon, on the brief), for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J. This action was brought by a stockholder of the Anglo-American Savings & Loan Association against the former directors of the association; the theory of the action being that the directors entered into a conspiracy or concert of action, for the purpose of putting out false statements, as to the affairs of the association, which induced the plaintiff and others to invest their money, and to keep the same invested, at a time when the association was in fact insolvent. In other words, the action is one at common law for deceit, and in actions of this character the—

"gravamen of the action is actual fraud, and nothing less will sustain it. The representation upon which it is based must be shown not only to have been false and material, but that the defendant, when he made it, knew that it was false, or, not knowing whether it was true or false, and not caring what the fact might be, made it recklessly, paying no heed to the injury which might ensue. Misjudgment, however gross, or want of caution, however marked, is not fraud. Intentional fraud, as distinguished from a mere breach of duty or the omission to use due care, is an essential factor in an action for deceit. The man who intentionally deceives another to his injury should be legally responsible for the consequences. But if, through inattention, want of judgment, reliance upon information which a wiser man might not credit, misconception of the facts, or of his moral obligation to inquire, he makes a representation designed to influence the conduct of another, and upon which the other acts to his prejudice, yet, if the misrepresentation was honestly made, believing it to be true, whatever other liability he may incur he cannot be made liable in an action for deceit."

This is the doctrine quoted by this court with approval in the case of Lyon v. James, 97 App. Div. 385, 390, 90 N. Y. Supp. 28, affirmed 181 N. Y. 512, 73 N. E. 1126, and we are able to discover no reason why it is not controlling here. The plaintiff does not make a case and print all the evidence. He relies upon alleged inconsistencies in the findings of fact, in so far as they relate to the defendants other than Gilbert, against whom judgment is rendered.

If the action was one against the directors for negligence in the conduct of the affairs of the corporation, there are undoubtedly findings of fact which are inconsistent with the conclusions reached in this case; but, where the gravamen of the action is deceit amounting to a fraud, the mere fact that the court finds facts which indicate a very lax and improper discharge of the duties of directors is not inconsistent with the fact that the defendants were not guilty of actual fraud. To constitute the cause of action which the plaintiff has attempted to establish against the defendants in this case, it is necessary to show that they entered into a conspiracy or concert of action for the purpose of putting out the literature which is alleged to have constituted the basis of the deception, and that they did this knowing the statements were false, and for the purpose of producing the fraudulent result. We cannot say what the evidence is in this case, for it is not before us; but from the discussion of the question by plaintiff's counsel it is evident that the evidence fails to disclose any motive for such a conspiracy on the part of the directors other than Gilbert, and the most that is claimed is that the conduct of these defendants was such that they ought, in the nature of things, to have known the facts and been aware of their misleading and fraudulent tendencies. But

the rule is well established that fraud must be proved. It is never to be presumed, and mere evidence of negligence is not evidence of affirmative fraud, such as is necessary to sustain the cause of action here asserted. Where the evidence given on a trial is not contained in the case on appeal to this court, it must be assumed that the facts proved were sufficient to sustain the findings, and also to sustain any additional findings required to support the conclusions of law not in conflict with the affirmative facts found. Berger v. Varrelmann, 127 N. Y. 281, 293, 27 N. E. 1065, 12 L. R. A. 808, and authorities there cited.

In this case the facts found undoubtedly show great want of care and prudence on the part of the members of the board of directors of the Anglo-American Savings & Loan Association; but this is a long way from establishing that men of responsibility and standing in the community have deliberately entered into a conspiracy or understanding for the purpose of issuing and circulating false and misleading statements of the affairs of the corporation. That is in its essence a crime, and there can be no presumption of crime growing out of mere carelessness in not being better informed as to the truth of the situation. The findings, which it does not appear necessary to review in detail, are entirely consistent with the theory that Gilbert made use of the other defendants to carry out his fraud, and that he imposed upon their confidence, leading them to close their eyes to the real truth; and these findings are not inconsistent with the ultimate facts as found upon the trial, and which hold that the defendants other than Gilbert were not guilty of fraud as it is defined and understood in this class of actions.

This disposes of the contention of the plaintiff that he is entitled to the most favorable view of the findings on this appeal, and therefore to a reversal. It is the duty of the court to reconcile findings, and it is only when this cannot be done, under any reasonable construction, that it is bound to accept the findings most favorable to the appellant. T. N. Bank v. Parker, 130 N. Y. 415, 417, 29 N. E. 1094, and authority there cited. In this case there is no inconsistency in the findings. Some of them show distressing negligence on the part of the defendants, but none of them show that the defendants other than Gilbert had any purpose of deceiving the plaintiff and others, or that they had any intention of deceiving, and so the finding that the defendants, other than Gilbert, were not guilty of acts amounting to fraud, is not inconsistent, and gives no ground for a reversal of the judgment in part.

The judgment appealed from must be affirmed.

Judgment and order amending decision affirmed, with costs. All concur; Jenks, J., in result.