### MORAN v. BROWN et al.

#### (Supreme Court, Appellate Term.   January 8, 1909.)

1. FRAUD (§ 58*)—ACTIONS—SUFFICIENCY OF EVIDENCE.
   In an action to recover excessive commissions paid because of defend-
   ants' fraudulent misrepresentations, evidence *held* not to show an inten-
   tional misrepresentation so as to make out a case of fraud.
   [Ed. Note.—For other cases, see Fraud, Dec. Dig. §.58.*]

2. FRAUD (§ 13*)—ELEMENTS.
   Actual, intentional fraud is essential to an action for fraud, and repre-
   sentations designed to influence the conduct of others made through mis-
   judgment, want of caution, ignorance, mistake of facts, or through fail-
   ure to make proper inquiry, if honestly made, will not render the person
   making them liable for fraud, though another was prejudiced thereby.
   [Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 3-5; Dec. Dig. §
   13.*]

3. FRAUD (§ 49*)—ACTIONS—PROOF.
   One alleging actual fraud must prove it, and cannot recover upon show-
   ing facts which might justify a recovery on some other theory.
   [Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 44, 45; Dec. Dig.
   § 49.*]

4. COURTS (§ 189*)—NEW YORK MUNICIPAL COURT—PLEADING.
   Where the procedure is within the power of the Municipal Court, it is
   not always held to such technical regularity as a court of record; and
   since, under Municipal Court Act (Laws 1902, p. 1542, c. 580) § 166, re-
   quiring it to allow an amendment at any time to further substantial jus-
   tice, it must allow an amendment to make the pleadings conform to the
   proof upon application, it could make such amendment without applica-
   tion.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

5. PLEADING (§ 238*)—AMENDMENTS—COMPLAINT—TRIAL AMENDMENT.
   In an action to recover money which plaintiff alleged he paid because
   of fraudulent misrepresentations, the fraudulent nature of the representa-
   tions was not shown at the trial, and defendant moved to dismiss.   In
   ruling on the motion the court replied: "The pleadings are amended to
   conform to the proof, so that the plaintiff may recover on the case as
   presented, if it is finally determined that plaintiff is entitled to a judg-
   ment. * * * If it lacks the elements of fraud, but can be sustained on
   a claim of misrepresentations in inducing plaintiff to part with the mon-
   ey, I think plaintiff should be accorded the necessary relief, in so far as
   the pleadings are concerned." *Held*, that the second sentence of the
   court's statement did not alter his ruling that the pleadings were con-
   formed to the proof.
   [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 238.*]

6. PAYMENT (§ 85*)—RECOVERY—MISTAKE OF FACT.
   Money paid under a mistake of fact may be recovered, though the mis-
   take was not mutual, and even if the party paying it was negligent, unless

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the other party was thereby caused to change his position so that it would be unjust to compel him to return it.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 272–281; Dec. Dig. § 85.*]

7. PAYMENT (§ 89*)—RECOVERY—MISTAKE OF FACT—ON CONTRACT.

In an action to recover excessive commissions paid for selling realty under a mistake as to the customary commissions for such services, evidence *held* to sustain a finding that the usual rate was as claimed by plaintiff.

[Ed. Note.—For other cases, see Payment, Dec. Dig. § 89.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Daisy D. Moran against J. Romaine Brown and another, as copartners. From a judgment for plaintiff, defendants appealed. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Job E. Hedges, for appellants.
Francis S. McAvoy, for respondent.

GILDERSLEEVE, P. J. This is an appeal from a judgment in favor of plaintiff for $169.31, the full amount claimed in the complaint; i. e., $150, with interest and costs. After alleging the copartnership of the defendants and their employment by the plaintiff as real estate brokers to obtain a purchaser for certain real estate, the complaint alleges that there was no express agreement between the parties as to the amount of compensation to be paid to the defendants, and that subsequently the defendants obtained a purchaser for the property for the sum of $10,000, and that the sale was made to such purchaser at that price. The complaint further alleges that the defendants presented a claim to the plaintiff for the sum of $250 as compensation for their services as brokers, and that the plaintiff, being unacquainted with the customary compensation paid for similar services, stated to the representative of the defendants that she desired to pay the usual and customary compensation; that the defendants, through their representative, assured the plaintiff that 2½ per cent. upon the amount of the purchase price of property sold in the Bronx, where the property in question was situated, was the usual and customary charge made by brokers; and that the plaintiff, relying upon said statement, paid to the defendants the sum demanded, to wit, $250. The complaint further alleges that "the representations so made to the plaintiff as to the customary fee were untrue, and were made by the defendants with the knowledge that they were untrue, and with the intention and purpose of deceiving and defrauding the plaintiff," and that the customary charge for such services was 1 per cent. The complaint also alleges demand on the defendants for the sum of $150 alleged to have been "received through the fraud and deception aforesaid," and the defendants' refusal to pay the same. The answer admits the employment of the defendants as brokers, and that the sale of the property was subsequently effected through their efforts, but denies the material allegations of the complaint with regard to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

representations as to the compensation to be charged, and denies that such representations were falsely and fraudulently made, or that the customary charge is 1 per cent. With regard to the conversations had between the plaintiff and one Enniss, the defendants' representative, at the time of the payment by the plaintiff to the defendants of the $250 commission, plaintiff testified as follows:

"Q. What did he say to you at the time he asked you for payment after the sale was made? A. He told me to make the check out to J. Romaine Brown, and that he found that the rates in the Bronx were 2½ per cent. I asked him why they were more in the Bronx than in Manhattan. He said: 'Well, that was the regular prevailing rate for sales in the Bronx.'"

The plaintiff further testified that she believed Enniss when he made the statement in question, and that she knew nothing to the contrary, and was induced by that statement, and relying on the same, to make the payment in question, and that she had since learned that the charge was 1 per cent. The plaintiff also testified on cross-examination:

"I did not ask him anything about it. He told me that he had found the rate was 2½ per cent."

After the testimony of two expert witnesses, called on behalf of the plaintiff, who testified that the customary commission charged for sale of Bronx property was 1 per cent., plaintiff rested. At the close of plaintiff's case, the defendants moved to dismiss, on the ground that the plaintiff had failed to prove the cause of action for deceit, as alleged in the complaint, having failed to prove the essential elements of fraud. To which the court replied:

"The pleadings are amended to conform to the proof, so that the plaintiff may recover on the case as presented, if it is finally determined that the plaintiff is entitled to a judgment. * * * If it lacks the elements of fraud, but can be sustained on a claim of misrepresentation in inducing plaintiff to part with the money, I think the plaintiff should be accorded the necessary relief in so far as the pleadings are concerned."

The defendants excepted to the denial of the motion and the allowance of the amendment. The defendants called their agent Enniss, whose version of the interview with the plaintiff at the time the payment of the $250 was made is admitted by appellants not to differ materially from that given by the plaintiff herself. Enniss also testified that in his knowledge and experience the customary charge for selling vacant property in the Bronx was 2½ per cent., and that he had made a number of sales within the last two or three years of similar property; the charge in each case being the same rate charged this plaintiff. Two other real estate brokers were called by the defendants, who gave similar testimony as to the customary charge. At the close of the case, the motion to dismiss was renewed, on the ground of failure to prove the cause of action as alleged, or as amended, but the court gave judgment for the plaintiff for the full amount claimed. It is contended that the defendants are entitled to a reversal, first, for failure to establish the cause of action alleged in the complaint; and, second, for failure to prove a cause of action as amended; and, third, that the judgment was against the weight of evidence; and, fourth, that the court erred in allowing an amendment without a

motion or request therefor from counsel. The plaintiff did not make out a cause of action for fraud. There is no evidence of an intentional misrepresentation by Enniss. Moreover, Enniss testifies that he not only honestly believed his representations to be true, but that they were true as a matter of fact, in which assertion he is corroborated by experts. The gravamen of an action for fraud must be actual fraud, and nothing less will sustain it. Misjudgment or want of caution is not fraud. Intentional fraud, as distinguished from mistake or breach of duty or omission of due care, is an essential factor in an action for fraud and deceit. If a man, through inattention or want of judgment, or reliance upon information which a wiser man might not credit, or ignorance, or misconception of facts, or lack of conception of his moral obligation to inquire, makes a representation designed to influence the conduct of another, and upon which the other acts to his prejudice, he cannot be made liable in an action for fraud when the misrepresentation was honestly made and believed to be true. Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651. A plaintiff who alleges fraud must prove fraud, in order to recover in an action for fraud, and he is not entitled to judgment in such action for fraud upon proving a state of facts which might justify a recovery upon some other theory. Polhemus v. Polhemus, 114 App. Div. 781, 100 N. Y. Supp. 263. In the case at bar, however, as we have seen, the cause of action was amended at the trial, and, although this was done without a formal motion therefor on the part of the plaintiff, still the court had power to make such amendment, and, in fact, would have been obliged to make it, had plaintiff made an application therefor (Municipal Court Act [Laws 1902, p. 1542, c. 580] § 166), and, where the procedure is within the power of the Municipal Court, it is not always held to such technical regularity as might be invoked in a court of record. As we have seen, the court's ruling was as follows:

"The pleadings are amended to conform to the proofs, so that plaintiff may recover on the case as presented if it is finally determined that the plaintiff is entitled to judgment."

The court's subsequent remarks, as hereinbefore quoted, did not alter this ruling. The evidence shows that the money was paid under a mistake of plaintiff caused by the unintentional misrepresentations of defendants' agent. The rule is that money paid under a mistake of fact may be recovered back, even when the party paying it has been guilty of negligence, unless the payment has caused such a change in the position of the other party that it would be unjust to require him to refund, which exception is not applicable here, nor is it, in fact, essential that the mistake should be mutual. Bank v. N. M. B. Association, 55 N. Y. 211, 14 Am. Rep. 232; Hathaway v. County of Delaware, 185 N. Y. 371, 78 N. E. 153, 13 L. R. A. (N. S.) 273, 113 Am. St. Rep. 909. It was within the province of the learned trial judge to believe the testimony of the plaintiff's witnesses as to the prevailing rate of commission in the Bronx, and we should not interfere with his conclusion on this question of fact.

The judgment should be affirmed, with costs. All concur.