CARLOS DURAN, Respondent, *v.* CHELSEA EXCHANGE BANK, Appellant.

Supreme Court, Appellate Term, First Department, April 29, 1924.

**Trial — new trial — motion for new trial should not be entertained after denial of motion upon rendition of verdict — jurors may not be heard to impeach their own verdict.**

After the denial of plaintiff's motion for a new trial upon the rendition of the verdict upon the grounds specified in section 549 of the Civil Practice Act another motion to set aside the verdict and for a new trial, made on the affidavits of the plaintiff's trial counsel and three of the jurors who state that exhibits were misunderstood by them and that an erroneous verdict was rendered, should not be entertained.

Jurors may not be heard to impeach their own verdict.

APPEAL by defendant from an order of the Municipal Court of the city of New York, borough of Manhattan, seventh district, setting aside the verdict in favor of defendant and judgment thereon and ordering a new trial.

*Toney A. Hardy* (*David Brady,* of counsel), for the appellant.

*Dyett, Hall & Patterson* (*William L. Patterson,* of counsel), for the respondent.

WASSERVOGEL, J. In this action for money had and received a jury found a verdict for defendant. Plaintiff's counsel immediately moved for a new trial upon the grounds specified in section 549 of the Civil Practice Act. The motion was denied. Thereafter another motion was made to set aside the verdict and for a new trial, this time based upon the affidavits of plaintiff's trial counsel and three of the jurors who heard and took part in the decision of the case. In their affidavits these jurors referred to an examination made by them of certain exhibits in the jury room and alleged that the exhibits were misunderstood by the jurors and that an erroneous verdict had been rendered. Jurors may not be heard to impeach their own verdict. In view of the denial of the motion to set aside the verdict made upon its rendition, the motion thereafter made, which resulted in this appeal, should not have been entertained.

Order setting aside verdict reversed, with ten dollars costs, and verdict and judgment reinstated.

GUY and WAGNER, JJ., concur.

Order reversed.