Benjamin Cooper, Plaintiff, *v.* Louis Nelson, Defendant.

Municipal Court of New York, Borough of Queens, Fifth District, November 18, 1933.

*Sidney N. Barnett,* for the plaintiff.

*Abraham Brinn,* for the defendant.

Morris, J.   This is a motion to vacate and set aside the verdict of a jury, and for a new trial, and to permit the plaintiff to amend his complaint to conform to the proof, and to serve an amended complaint setting forth the action as proven at the trial pursuant to sections 109 and 549 of the Civil Practice Act, and section 93 of the Municipal Court Code.

The case on the plaintiff's election went to the jury upon the theory that there had been a conversion by the defendant of two shares of stock of the National City Bank of the value of $138 each.   It appeared from the testimony taken that the money, to wit, $276 for the two shares of stock, was given to the defendant

in July, 1930, and that no shares of stock were actually issued by the National City Bank to the plaintiff or defendant until on or about June 28, 1932, when two shares of stock were issued by the National City Bank in the name of the plaintiff and delivered to the defendant, and that said stock was never delivered to or seen by the plaintiff until the trial of the action in November, 1933.

During a short period of the time above mentioned the plaintiff had received from the defendant cash payments purporting to be dividends on the shares of stock mentioned, and one of the questions of fact submitted to the jury involving the conversion of the stock was the demand made by the plaintiff of the defendants for its delivery to the plaintiff and the tender thereof by the defendant upon demand.

From the testimony of the defendant it would appear that although he received the money from the plaintiff for the stock in question, he placed the money in a trading account he had with the stock brokerage house and evidently used plaintiff's money in his (defendant's) trading account and for his (defendant's) benefit. However, the plaintiff went to the jury upon the theory as stated previously of the conversion of the stock and not for the conversion or misappropriation of the money.

The deliberation of the jury resulted in a verdict for the defendant, and the attorney for the plaintiff on the rendition of the jury's verdict moved to set aside the verdict, which motion was denied. The verdict of the jury was rendered on October 17, 1933, and the present motion made by the plaintiff was argued on October 26, 1933. The judgment on the verdict was signed by the court, but as appears from said judgment the same was not signed by the clerk and no judgment has been docketed to date in the clerk's office.

In my opinion neither section 109 nor 549 of the Civil Practice Act permits the granting of the motion. There is no mistake, defect or irregularity in the judgment as a result of the verdict rendered (Civ. Prac. Act, § 109), nor can it be contended that any errors were committed during the trial to which exceptions were taken by the plaintiff or that the verdict was otherwise contrary to the evidence or contrary to the law in view of the plaintiff's election as to his cause of action. (Civ. Prac. Act, § 549.) Section 93 of the Municipal Court Code has always been liberally construed. In view of the language of section 93 of the Municipal Court Code it has been held that the court may amend the cause of action without a formal motion having been made therefor. (*Moran* v. *Brown*, 113 N. Y. Supp. 1038.)

It has also been held that in a personal injury action against the city where the plaintiff made a motion for leave to amend the complaint so as to allege the comptroller's refusal to make an adjustment of the plaintiff's claim, and such motion was made after the rendition of the verdict for the plaintiff, but before defendant's motion to set aside the verdict, plaintiff's motion should be granted. (*Cianguilli* v. *City of New York*, 194 N. Y. Supp. 781.)

Under the former section of the Municipal Court Act, section 166, similar in its language to the present section 93 of the Municipal Court Code, the Appellate Division in the First Department in *Bunke* v. *New York Telephone Co.* (110 App. Div. 241), held that the court must upon application allow a pleading to be amended at any time if substantial justice will be promoted thereby, and that it was, therefore, proper to permit plaintiff at the close of his case to amend his complaint by changing it from use and occupation to trespass where the facts upon which both causes of action were founded were the same.

In *Cianguilli* v. *City of New York* (*supra*, at p. 782) is found the following language: " Under the liberal provisions in regard to amendments of M. C. C. (Laws 1915, c. 279) § 93, subd. 2, there does not seem to be any reason why such amendment should not be allowed at any stage of the action prior to entry of judgment. No authorities to the contrary are cited by respondent. Those mentioned in the brief refer solely to inability to support a judgment in cases where no amendment has been allowed or sought. Such decisions do not apply to the instant case, where, as we understand it, the amendment is prayed for in advance of a second trial." This case was decided by the Appellate Term, First Department, in 1922 and by inference we may draw the conclusion that an amendment such as is asked for here should be allowed in view of the fact that no judgment has been entered.

In the case of *Duran* v. *Chelsea Exchange Bank* (123 Misc. 158). which is an Appellate Term decision of the First Department, the court held that where the motion to set aside a verdict made on its rendition was denied, a second motion should not thereafter be entertained. However, in the case of *Prudential Paper Co., Inc.*, v. *Ashland Press, Inc.* (231 App. Div. 515), the Appellate Division of the First Department in February, 1931, held that where upon the rendition of a jury's verdict and no formal order had been entered that the Municipal Court justice could grant a reargument and set aside the verdict and grant a new trial within twenty days after judgment, notwithstanding the previous denial of the motion. The court in that decision, referring to subdivision 7 of section 6 of the Municipal Court Code, and section 15 and

subdivision 3 of section 129 of the Municipal Court Code, stated (at p. 518): " We have concluded that in the Municipal Court of the City of New York such a motion to disturb a jury's verdict based solely on the minutes of the trial, or for the renewal or reargument thereof, can be made not later than twenty days after the entry of judgment." In that case the Appellate Division reversed the determination of the Appellate Term and affirmed the order of the Municipal Court vacating the judgment for the plaintiff.

This motion is based solely upon the minutes of the trial. Although no formal application was made in the notice of motion for the renewal or reargument of the former motion, counsel for the motion stated that in view of the language of the notice of motion for such other and further relief, in addition he was asking for the renewal or reargument of the original motion.

In view of the testimony on the trial, I am of the opinion that substantial justice would be promoted by granting the relief sought. Considering the motion, therefore, of the plaintiff, heard on the 26th day of October, 1933, as a motion for reargument and upon reargument to set aside the verdict of the jury and for a new trial and permit the plaintiff to amend his complaint to conform to the proof and to serve an amended complaint setting forth the action as proven at the trial, the motion for reargument is herewith granted, and upon reargument the motion to set aside the jury's verdict and for a new trial is granted and the plaintiff is herewith permitted to amend his complaint to conform to the proof and to serve an amended complaint setting forth the action as proven at the trial.

Settle order on two days' notice.