LUTHER KOUNTZE et al., Appellants, v. EDWARD S. T. KEN-
NEDY, as Executor, Respondent.

1. ACTION FOR DECEIT — ACTUAL FRAUD. Nothing less than proof of
actual, intentional fraud, as distinguished from a mere breach of duty or
the omission to use due care, in addition to proof of damage, will sustain
an action for deceit.

2. ACTION FOR DECEIT — MISREPRESENTATION. The misrepresentation
upon which an action for deceit is based must be shown not only to have
been false and material, but it must also be shown that the defendant
when he made it knew that it was false, or not knowing whether it was
true or false and not caring what the fact might be, made it recklessly,
paying no heed to the injury which might ensue.

3. PURCHASE OF CORPORATE STOCK — STATEMENT OF OFFICER TO PRO-
POSED PURCHASER — OMISSION OF LIABILITIES. In an action for deceit
in inducing plaintiffs to purchase stock and bonds of a manufactur-
ing corporation, which failed soon after the purchase, it appeared that
the plaintiffs made the purchase upon the application of the defend-
ant, who was the president of the company; that the defendant, after
the application and before the purchase, furnished the plaintiffs, at
their request, with a written statement which purported to contain the
entire assets and liabilities of the company, but from which there was in
fact omitted a claim against the company which was then in suit and
which resulted in a judgment against the company after the purchase.
The defendant claimed that this item was omitted from the statement for
the reason that the company was advised by counsel that it could not be
made liable for the claim, and that neither the company nor its counsel
regarded the claim as a valid obligation. Held (BARTLETT, J., dissenting),
that if the non-disclosure of the claim was attributable to an honest belief,
upon reasonable grounds, that the claim was not valid and could not be
enforced, the fraudulent intent was lacking and the charge of deceit
failed.

4. CORPORATION — STATEMENT OF BUSINESS — PERSONAL KNOWLEDGE
OF OFFICER. The written statement of assets and liabilities furnished to
the plaintiffs by the defendant, related to the affairs of a large corpora-
tion, widely extended and having agencies in a large number of cities
throughout the country. Held, that the mere facts that the defendant
was president of the corporation and that he furnished the statement as a
statement of the entire assets and liabilities, were not enough of them-
selves to warrant the inference that the defendant represented that the
statement was true of his own knowledge.

Reported below, 72 Hun, 311.

(Argued April 19, 1895; decided October 8, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 13, 1893, which affirmed a judgment in favor of defendant entered upon the report of a referee.

This was an action to recover damages for fraud and deceit alleged to have been practiced by John P. Kennedy, by which plaintiffs claimed to have been induced to purchase certain bonds and stock of the Howe Machine Company from that company. The action was originally brought against John P. Kennedy  He died before this appeal was taken, and his executor was substituted as defendant in his stead.

The Howe Machine Company was a corporation organized under the laws of the state of Connecticut, having its principal place of business at Bridgeport, in that state, and was engaged for many years, and up to September 26, 1885, in the manufacture of sewing machines.

*Wheeler H. Peckham* and *George W. Van Slyck* for appellants. The referee erred on his own findings of fact in not giving judgment for the plaintiffs in some amount. (*Arthur* v. *Griswold,* 55 N. Y. 400 ; *Brackett* v. *Griswold,* 112 N. Y. 467 ; *Phelps* v. *Vischer,* 50 N. Y. 69 ; *Bennett* v. *Buchan,* 76 N. Y. ·386 ; *L. S. N. Bank* v. *Butler Colliery Co.,* 51 Hun, 63 ; *Schwinger* v. *Raymond,* 38 N. Y. 193 ; *Bonnell* v. *Griswold,* 89 N. Y. 122 ;· *Patterson* v. *Kirkland,* 34 Miss. 423 ; *Nickley* v. *Thomas,* 22 Barb. 652.) The referee erred in refusing to find, as requested, " that the said representations of defendant to the plaintiffs were so made as to convey the impression to the plaintiffs that the defendant had actual knowledge of the truth thereof." (*Huntington* v. *Attrill,* 118 N. Y. 367; *Stone* v. *Denning,* 4 Metc. 151 ; *F. Co.* v. *Moffatt,* 147 Mass. 403 ; *Litchfield* v. *Hutchinson,* 117 Mass. 195.) The opinion of the General Term does not consider and ignores two essential and controlling points in the case : That the representation of the defendant is as of knowledge, and that consequently proof or finding of falsity is proof or finding of knowledge. That as to the liabilities found to have existed

it was the duty of the defendant to disclose them; and that the finding that the defendant "had reasonable cause to believe that said company would not be held liable on said claims" does not relieve from liability. (*Huntington* v. *Attrill*, 118 N. Y. 367; *Barnes* v. *U. P. R. Co.*, 12 U. S. App. 1; *Duffany* v. *Ferguson*, 66 N. Y. 482; 22 Barb. 652; *Peek* v. *Gurney*, L. R. [6 H. L.] 403; *Arkwright* v. *Newbold*, L. R. [17 Ch. D.] 317; *Smith* v. *Chadwick*, L. R. [20 Ch. D.] 58; *Lee* v. *Jones*, 17 C. B. [N. S.] 506; *Phillips* v. *Foxall*, L. R. [7 Q. B.] 679; *Devoe* v. *Brant*, 53 N. Y. 462; *Rothmiller* v. *Stein*, 143 N. Y. 581; *Brackett* v. *Griswold*, 112 N. Y. 467; *Cross* v. *Devine*, 46 Hun, 421; *Ward* v. *Wiman*, 17 Wend. 193; *Haight* v. *Haight*, 19 N. Y. 464.)

*William R. Bronk* for respondent. There is no conflict between the referee's findings, nor did he err, as claimed by appellants, in refusing to give judgment thereon for plaintiffs. (*Redfield* v. *Redfield*, 110 N. Y. 671; *Green* v. *Roworth*, 113 N. Y. 462; *T. N. Bank* v. *Parker*, 130 N. Y. 415; *Meyer* v. *Amidon*, 45 N. Y. 169; *Oberlander* v. *Spiess*, 45 N. Y. 175; *Kley* v. *Healy*, 9 Misc. Rep. 93; *McCarthy* v. *McCarthy*, 143 N. Y. 235; *Dibble* v. *Dimick*, 143 N. Y. 549.) The referee committed no error in refusing to find, as requested by plaintiffs, that the representations of the defendant were so made as to convey the impression to the plaintiffs that the defendant had actual knowledge of the truth thereof. (*McCarthy* v. *McCarthy*, 143 N. Y. 235, 238; *Dibble* v. *Dimick*, 143 N. Y. 549, 553; *Daly* v. *Wise*, 132 N. Y. 306; *Marsh* v. *Falker*, 40 N. Y. 562; *Meyer* v. *Amidon*, 45 N. Y. 169; *Oberlander* v. *Spiess*, 45 N. Y. 175; *Chester* v. *Comstock*, 40 N. Y. 576; *Stitt* v. *Little*, 63 N. Y. 427; *McIntyre* v. *Buell*, 132 N. Y. 192; *Constant* v. *R. University*, 133 N. Y. 640; 2 Pom. Eq. Juris. § 884; *Cowley* v. *Smyth*, 46 N. J. L. 380; *Wakeman* v. *Dalley*, 51 N. Y. 27.) The statements and representations made were in good faith believed to be true; Mr. Kennedy had reasonable grounds for so believing; and they were in fact substantially

true. (*Smith* v. *Countryman*, 30 N. Y. 681; *Gordon* v. *Butler*, 105 U. S. 553; *Simar* v. *Canaday*, 53 N. Y. 298; *Ellis* v. *Andrews*, 55 N. Y. 83; *Chrysler* v. *Canaday*, 90 N. Y. 272, 279; *Veasey* v. *Daton*, 3 Allen, 380; *Parker* v. *Moulton*, 114 Mass. 100; *Holbrook* v. *Connor*, 60 Maine, 584; *Schumaker* v. *Mather*, 133 N. Y. 590; *S. D. Co.* v. *Silva*, 125 U. S. 248; *Long* v. *Warren*, 68 N. Y. 426; *Slaughter* v. *Gerson*, 13 Wall. 379; 5 Am. & Eng. Ency. of Law, 318, 327, 328, 331; *Cooper* v. *Harvey*, 16 N. Y. Supp. 660; *Poland* v. *Brownell*, 131 Mass. 138; *Nelson* v. *Luling*, 62 N. Y. 645; *H. W. & Co.* v. *Howe M. Co.*, 54 Conn. 394.) Under the form in which this action is brought it is immaterial whether the representations made were entirely and precisely true in every item and detail or not, unless it is also made to appear (as is not the fact) that the representations made an appreciable diminution of the value of the plaintiffs' bonds. (*Gould* v. *Cayuga Co. Bank*, 86 N. Y. 75; 99 N. Y. 333; *Bowen* v. *Mandeville*, 95 N. Y. 237; *Vail* v. *Reynolds*, 118 N. Y. 297; *Rothmiller* v. *Stein*, 143 N. Y. 581; *Deobold* v. *Opperman*, 111 N. Y. 531; *Hadden* v. *Griffin*, 136 Mass. 229; *Dawe* v. *Morris*, 149 Mass. 192; *McIntyre* v. *Buell*, 132 N. Y. 192; Bigelow on Fraud, 628, 629; *Morse* v. *Hutchins*, 102 Mass. 439; *Williams* v. *McFadden*, 23 Fla. 143; Neither in the kind nor degree of their proof have the plaintiffs brought their case within the rigid requirements of an action for damages for fraud. (*Baird* v. *Mayor, etc.*, 96 N. Y. 492; *Morris* v. *Talcott*, 96 N. Y. 107; Kerr on Fraud, 382, 384; *Constant* v. *R. University*, 133 N. Y. 640; *Brackett* v. *Griswold*, 112 N. Y. 467; *S. D. Co.* v. *Silva*, 125 U. S. 248; *Oberlander* v. *Spiess*, 45 N. Y. 177; *Meyer* v. *Amidon*, 45 N. Y. 169; *Marsh* v. *Falker*, 40 N. Y. 565, 573; *Chester* v. *Comstock*, 40 N. Y. 576; *Duffany* v. *Ferguson*, 66 N. Y. 484; *Wakeman* v. *Dalley*, 51 N. Y. 27; *McIntyre* v. *Buell*, 132 N. Y. 192; *Daly* v. *Wise*, 132 N. Y. 306; *Kelly* v. *Gould*, 19 N. Y. Supp. 349; 141 N. Y. 596; *Gaffney* v. *Burton*, 12 How. Pr. 516, 518; *Griswold* v. *Sabin*, 51 N. H. 167; *Derry* v. *Peck*, L. R. [14 App. Cas.] 337; *Lord* v. *Goddard*, 13 How. [U. S.] 198; *Morgan* v. *Skiddy*, 62 N. Y. 319; *Lefever* v. *Lefever*,

30 N. Y. 27 ; *Societa Italiana* v. *Sulzer,* 19 N. Y. Supp. 824 ; *Kley* v. *Healy,* 9 Misc. Rep. 93.) The Howe Machine Company was solvent at the time the statement was made, and the referee's refusal to find to the contrary was not error. (*Rothmiller* v. *Stein,* 143 N. Y. 581 ; *McCarthy* v. *McCarthy,* 143 N. Y. 235 ; *Dibble* v. *Dimick,* 143 N. Y. 549.) The admission of evidence showing Mr. Kennedy's investments in the New Howe Machine Company was competent. (*Cowley* v. *Smyth,* 46 N. J. L. 380 ; *Oberlander* v. *Spiess,* 45 N. Y. 179.) The appellants' criticism and analysis of, and argument made upon, the decision and opinion of the court below are unfounded and fallacious when viewed in the light of all the findings made below. The court will not presume or infer a fact or finding, even to support a judgment, where the referee has expressly refused to make such finding. (*Meyer* v. *Amidon,* 45 N. Y. 169, 171.)

ANDREWS, Ch. J.  The plaintiffs on this appeal are met by the serious difficulty that the finding of the referee, affirmed by the General Term, exonerated the defendant's testator from the charge of fraud in making the representations upon which the plaintiffs relied in purchasing the bonds and stock of the Howe Machine Company.  If this finding has support in the evidence it ends all controversy upon the merits here, because, although it was found that the statement of the liabilities of the company presented by Kennedy to the plaintiffs, upon the faith of which the purchase was made, was grossly inaccurate, and largely understated the actual liabilities of the company, nevertheless, if Kennedy believed the statement to be a true exhibit of the affairs of the company and was guilty of no dishonesty, the action must fail.  The principle stated by CROKE, J. (3 Bul. 95), in respect to actions for damages for deceit, that "fraud without damage, or damage without fraud, gives no cause of action, but when these two concur an action lies," has ever since been recognized as the true rule governing the subject.  The cases are numerous.  The principle has been obscured by the use by judges of the phrase

" legal fraud," which has sometimes been interpreted as meaning fraud by construction, and as indicating that something less than actual fraud may sustain an action for deceit. The gravamen of the action is actual fraud, and nothing less will sustain it. The representation upon which it is based must be shown not only to have been false and material, but that the defendant when he made it knew that it was false, or not knowing whether it was true or false and not caring what the fact might be, made it recklessly, paying no heed to the injury which might ensue. Misjudgment, however gross, or want of caution, however marked, is not fraud. Intentional fraud, as distinguished from a mere breach of duty or the omission to use due care, is an essential factor in an action for deceit. The man who intentionally deceives another to his injury should be legally responsible for the consequences. But if through inattention, want of judgment, reliance upon information which a wiser man might not credit, misconception of the facts or of his moral obligation to inquire, he makes a representation designed to influence the conduct of another, and upon which the other acts to his prejudice, yet, if the misrepresentation was honestly made, believing it to be true, whatever other liability he may incur he cannot be made liable in an action for deceit. The law affords remedies for the consequences of innocent misrepresentation. A contract induced thereby may, in many cases, be avoided, and the equitable powers of courts are frequently interposed for the rescission of contracts or transactions based upon mistake or innocent misrepresentation. While the common-law action of deceit furnishes a remedy for fraud which ought to be preserved, we think it should be kept within its ancient limits, and should not by construction be extended to embrace dealings which, however unfortunate they may have proved to one of the parties, were not induced by actual intentional fraud on the part of the other. We have referred to a representation made without knowing whether it was true or false, and where the party making it was indifferent whether it was true or false, as sufficient to sustain the action if the representation was in fact

untrue.   The making of a representation to influence the con-
duct of the person to whom it is made, carries with it an assur-
ance, necessarily implied from the situation, of the belief of
the party making it in the truth of the affirmation.   As was
said by MAULE, J., in *Evans* v. *Edmonds* (13 C. B. 777), "he
takes upon himself to warrant his own belief of the truth of
that he asserts, and a man who makes a representation which
he neither knows nor cares whether it is true or not, can have
no real belief in the truth of what he asserts, and is justly
guilty of deception."   So, also, it has been held that one who
falsely asserts a material fact, susceptible of accurate knowl-
edge to be true of his own knowledge, and thereby induces
another to act upon the fact represented to his prejudice com-
mits a fraud which will sustain an action for deceit.   This is
not an exception to, but an application of the principle that
actual fraud must be shown to sustain such an action.   The
purpose of the party asserting his personal knowledge is to
induce belief in the fact represented, and if he has no knowl-
edge, and the fact is one upon which special knowledge can
be predicated, the inference of fraudulent intent in the absence
of explanation naturally results.   We shall refer to the sub-
ject again when we come to consider one of the points made
by the plaintiffs.

In the present case the plaintiffs invested more than
$100,000 in the bonds and stock of the Howe Machine Com-
pany in April, 1884, and the company went into the hands of
a receiver in the fall of 1885, and the plaintiffs practically lost
their whole investment.   They purchased upon the applica-
tion of Kennedy, who was president of the corporation, and
the statement of assets and liabilities furnished by Kennedy at
their request after the application and before the purchase,
showed that the assets, real and personal, as valued in the
statement, exceeded one million dollars, and that the liabilities
were five hundred thousand dollars.   And the referee found
that the statement was presented by Kennedy as a statement
of the entire assets and liabilities.   The voluminous record
before us is taken up to a large extent with the evidence on

the one side to show the untruthfulness of the statement both
as respects the assets and liabilities, and of circumstances which
as was claimed tended to establish that the defendant's testa-
tor knew of its falsity when he presented it to the plaintiffs,
and on the other side with evidence in rebuttal and by way of
explanation of the discrepancies between the value of the
assets as given in the statement and what was realized there-
from, and between the actual liabilities and the liabilities as
represented, and also evidence bearing upon the good faith of
the defendant's testator in making the representation. The
evidence was taken before an intelligent and able referee, and
we are satisfied that his conclusion that the defendant's testa-
tor acted in good faith, and that the statement, although in
material respects untrue, was believed by him to be true, is
supported by evidence. The facts were fully considered in
the opinion of the General Term, and a recapitulation here to
any considerable extent is unnecessary.

The learned counsel for the plaintiffs insists that the omis-
sion from the statement of liabilities of the claim against the
Howe Machine Company in favor of the Credit Company,
Limited, of England, was upon the undisputed facts a fraudu-
lent concealment. The claim originated in or prior to 1878,
and was based on acceptances alleged to have been made by
the Howe Machine Company of drafts drawn by one Stock-
well upon the company, accepted by his brother, the secre-
tary and treasurer, in the name of the company. It seems to
be conceded that the acceptances were made without author-
ity of the company, and that the proceeds were used by the
Stockwells in stock speculations in London on their own
account. Suit was brought against the company on the
drafts in the state of Connecticut in 1878, and as in all cases
in that state were commenced by attachment. The company
defended the action. In the fall of 1883 the facts were reported,
and in 1886, two years after the plaintiffs had purchased their
bonds, the court rendered judgment in the action against the
Howe Machine Company for the sum of $62,475, the chief jus-
tice dissenting. The existence of this claim was not disclosed

to the plaintiffs and was not embraced in the items of liabilities mentioned in the statement. It was claimed on the part of the defendant Kennedy that this item was omitted for the reason that the company was advised by counsel that the acceptances did not bind the company and that it could not be made liable in the action, and evidence was given that neither the company nor its counsel regarded the claim as a valid obligation of the company. The referee further found that the defendant Kennedy and the other officers and directors of the company "had reasonable cause to believe that said company was not liable on said claims," and he refused to find the request of the plaintiffs, "that the said defendant (Kennedy) knew of said claim and suit and concealed and intended to conceal the same from the plaintiffs." The defendant's testator was bound to include in the statement all liabilities of the company known to him. He was not required to include claims made which were not valid or enforcible obligations. The defendant omitted this claim from the schedule because he believed it was not a liability of the company. It may be admitted that he was blameworthy in not calling the matter to the attention of the plaintiffs, leaving them to determine whether it constituted a reason for declining the transaction. But if the non-disclosure was attributable to an honest belief that the claim was not valid and could not be enforced, the fraudulent intent is lacking and the charge of deceit fails. The recent case of *Derry* v. *Peck* (14 App. Cas. 337), decided in the House of Lords, contains a very full discussion of the principles governing the action for deceit and of the adjudged cases. The action was brought against directors of a company for damages for a false representation contained in a prospectus issued by them, to the effect that the company had authority to use steam motor power on its tramway, whereby the plaintiff was induced to buy shares of the company. The judges who gave the opinion united in asserting that actual fraud, that is, fraud in intention, and not constructive or implied fraud, was necessary to be shown to uphold the action, and applying this general principle they held that if

the defendant believed the representation made by him to be true, although without reasonable cause for such belief, the action would not lie.   It is not necessary to go to this extent to uphold the present judgment, for the referee, as has been stated, found that the belief of Kennedy that the claim of the Credit Company, Limited, of London, was unfounded, was based upon reasonable grounds.

The plaintiffs requested the referee to find that the representations of Kennedy to the plaintiffs were so made as to convey the impression that he had actual knowledge of their truth and the referee refused to find as requested.   This, it is urged was error requiring a reversal of the judgment.   It must be assumed that the referee found that the representations contained in the statement presented by Kennedy were not made, or understood by the plaintiffs to have been made, by him upon his personal knowledge.   The evidence and the circumstances support this conclusion   Kennedy testified that when the plaintiffs requested a statement of the assets and liabilities of the company, he informed them that he would request the secretary to prepare it, and after the statement was delivered to the plaintiffs, Luther Kountze, at Kennedy's request, went to Bridgeport to examine the property and while there the items of the statement were gone over between him and Mr. Parmly, the person having the principal management of the business, and the referee found that the inquiries of Mr. Kountze were truthfully answered. It cannot be assumed from the mere form of the statement that the assets and liabilities were given upon the personal knowledge of Kennedy.   It related to the affairs of a large corporation, widely extended and having agencies in a great number of the large cities of the country.   It would ordinarily be understood that a statement furnished by the president or director of the company of its assets and liabilities would be furnished upon information derived from the books and other sources.   Certainly the mere presentation of such a statement, without more, would not amount to an affirmation that the statement was true to his knowledge.   There was

conflicting evidence upon the trial upon the point whether outside of the statement such an affirmation was made, but that issue was decided against the plaintiffs. Their claim, therefore, that Kennedy represented that the statement was true of his own knowledge, rests solely on the facts that he was president of the corporation and that he furnished the statement as a statement of the entire assets and liabilities. The most that the plaintiffs could claim was that it became a question of fact, but we are of opinion that the evidence was wholly insufficient to have warranted a finding that Kennedy asserted the truth of the statement as of his own knowledge.

Upon a full examination of all the questions presented by the plaintiffs we have reached the conclusion that there was no material error committed on the trial and the judgment should, therefore, be affirmed.

All concur, except BARTLETT, J., who dissents on the ground that it is not proper for an officer of a corporation making a written statement of its indebtedness to a proposed purchaser of its stock to omit therefrom the amount involved in a pending action against the company for the reason that he is of opinion that the company will not be held in final judgment; that it is the manifest duty of such officer to inform the proposed purchaser of stock of the existence of this contingent liability, and the failure to do so is a fraud. PECKHAM, J., not voting.

Judgment affirmed.