(74 App. Div. 581.)

## ARNOLD v. RICHARDSON.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. **SALES—RIGHTS OF SELLER—RECOVERY OF GOODS OR VALUE—FALSE CREDIT REPORT—PASSING OF TITLE.**

    Where a corporation, in making a statement to a commercial agency as a basis of credit, deliberately omitted from bills payable and receivable $400,000, represented by accommodation indorsements for another concern, thus leaving bills payable at $75,000 and receivable at $110,000, the title to goods sold it in reliance on such statement did not pass, and the seller could recover them or their value from the receiver, into whose possession the goods passed upon the failure of the corporation.

2. **SAME—GOOD FAITH IN MAKING STATEMENT—POSITIVE STATEMENT OF MATTERS NOT POSITIVELY KNOWN.**

    Where a positive statement made to a commercial agency as a basis of credit turns out to be untrue, in that certain items of bills payable and receivable were omitted, the honesty of the merchant when he omitted such items, in believing that they were not valid obligations, will not affect the right of one who sold him goods in reliance on such statement to rescind the sale and recover the goods.

Appeal from judgment on report of referee.

Suit by Charles W. Arnold against Arleigh D. Richardson. From a judgment dismissing plaintiff's complaint, he appeals. Reversed.

The action was commenced on the 20th day of May, 1898, to recover possession of certain personal property sold and delivered during the month of March, 1898, by the plaintiff to Daniel Green & Co., a domestic corporation organized under the laws of this state, having its principal office and place of business in the village of Dolgeville, N. Y., and which was taken possession of by the defendant as receiver of said corporation, appointed by order of the supreme court duly made and entered on the 14th day of April, 1898, upon the ground that said corporation was insolvent when it received said property, and obtained the same fraudulently, by means of false and fraudulent representations, and with intent not to pay for the same. The learned referee found that the purchase of the property in question by said corporation was fair and honest, that upon delivery it acquired a good title thereto, and that the defendant, as receiver, upon taking

possession of the property, became vested with such title. The only important question presented for determination by this appeal is whether or not such finding of fact is supported by evidence, or is against the weight of the evidence, or, perhaps more properly, whether it should not be found as a conclusion of law, from the conceded facts, and even as they are found by the referee, that the corporation of Daniel Green & Co., or the defendant, claiming under it, never acquired any title to the property in question, and that the plaintiff is entitled to recover the same or its value.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

C. J. Palmer, for appellant.
William Kernan, for respondent.

McLENNAN, J.   Concededly, in March, 1898, when Daniel Green & Co. assumed to purchase the goods from the plaintiff, it was insolvent. Within two weeks or a month thereafter an action to dissolve the corporation on the ground of insolvency was commenced, and the defendant was appointed its temporary receiver. In that action the fact that the corporation then was, and for more than a year previous had been, insolvent, was established, final judgment to that effect was rendered therein, and the defendant was made its permanent receiver. It is claimed by the defendant, and found as a fact by the referee, that the insolvency of the corporation was not known to its officers during that time, or when the goods were purchased from the plaintiff, because of the fact that a large amount of its bills receivable, to wit, the sum of $379,342.60, was owing to it by Alfred Dolge & Son, whom the officers of Daniel Green & Co. believed to be entirely solvent and responsible, and that in case such bills were collectible the corporation of Daniel Green & Co. was solvent and able to pay its debts; that, as matter of fact, Alfred Dolge & Son was insolvent and unable to pay such indebtedness, and solely on account of that fact, which was unknown to its officers, the corporation of Daniel Green & Co. was insolvent. During the time this indebtedness was owing by Alfred Dolge & Son to Daniel Green & Co., Daniel Green & Co. was liable upon outstanding promissory notes made by it for the accommodation of Alfred Dolge & Son to the amount of about $400,000,—an amount largely in excess of the capital stock of the corporation. This circumstance, when taken in connection with the intimate business relations which existed between the two concerns, and the nature of the transactions between them, as disclosed by the evidence, quite clearly indicates that the officers of Daniel Green & Co. knew, or had reason to know, when the goods in question were purchased, and prior to the failure of Alfred Dolge & Son, which occurred in April following, that the indebtedness which was owing to it by Alfred Dolge & Son, which was wholly unsecured, was not collectible, and therefore that Daniel Green & Co. was insolvent; that, in the exercise of the most ordinary business prudence, that fact was or should have been known. There is, however, evidence tending to support the finding of the referee in that regard, and we are not disposed to hold, as we deem it unnecessary, that such finding is against the weight of the evidence. In March, 1897, Mr. White, the secretary and treasurer of Daniel Green & Co., made a

statement in writing to the commercial agency of R. G. Dun & Co. which purported to give the true financial condition and standing of that corporation for the purpose, and, as found by the referee, "with the intent that the statement furnished should be communicated to persons interested in ascertaining the pecuniary responsibility of Daniel Green & Co." In the statement so made the bills payable were stated to be $74,482.22, when in fact it should have been stated that they were $453,824.82,—the correct amount of such bills. At least $379,342.60 of promissory notes made by Daniel Green & Co. for the accommodation of Alfred Dolge & Son, and then outstanding, were not included in the amount of the bills payable. It also appears that the accounts receivable were stated to be $110,587.62, whereas there should have been added to that amount the sum of $379,342.60,—the amount which was due and owing from Alfred Dolge & Son to said corporation. The statement furnished to the commercial agency by the secretary and treasurer of Daniel Green & Co. for and on its behalf, and for the purpose and with the intent that such statement should be communicated by R. G. Dun & Co. to persons interested in ascertaining the pecuniary responsibility of the corporation, was false and untrue in those two important particulars. It is uncontradicted that, when Daniel Green & Co. made application for the purchase of the goods in question from the plaintiff, he inquired of R. G. Dun & Co. as to the financial condition and standing of the corporation, and was given an exact copy of the statement furnished by such corporation to the commercial agency, which was duly signed by its corporate name. It is also uncontradicted, and the fact is found by the referee, that the plaintiff sold the goods in question to the corporation, relying solely upon the information so obtained. The referee, however, found that when such statement was made, signed, and delivered to R. G. Dun & Co., the corporation did not know that the outstanding promissory notes made by it for the accommodation of Alfred Dolge & Son constituted valid and existing obligations against it; that its officers had been so informed by their legal adviser and by others, and that, relying upon such information and advice, they believed that the statement made by them was in all respects true; and that they made it honestly and in good faith. The statement was unqualified. It purported to state a matter which was within the knowledge of the officers of the corporation, to wit, the exact amount of its indebtedness. It is self-evident that a correct statement of the indebtedness of the corporation was material and essential to enable any person dealing with it to form a correct judgment as to its financial condition. Under such circumstances, it is entirely immaterial whether the officers of Daniel Green & Co. knew or did not know that the outstanding promissory notes made by it, and aggregating nearly half a million dollars, were obligations against the corporation. In the statement the corporation's secretary and treasurer asserted that the bills payable of the corporation only amounted to $74,482.22, when in truth and in fact they amounted to $453,824.82. He affirmed positive knowledge of that which he did not know positively. He asserted the existence of a material fact to his personal knowledge, when, according to the findings of the referee, he did not know whether it exist-

ed or not. When a statement so made turns out to be untrue, and is relied upon to the damage of another, it constitutes actionable fraud, and whether the statement so made was believed by the party making it to be true or not is entirely immaterial. The rule is stated in Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651, as follows:

"One who falsely asserts a material fact, susceptible of actual knowledge, to be true, to his own knowledge, and thereby induces another to act upon the fact represented to his prejudice, commits a fraud which will sustain an action for deceit."

In Hadcock v. Osmer, 153 N. Y. 608, 47 N. E. 923, the court said:

"And while there must be a furtive intent, it may exist when one asserts a thing to be true which he does not know to be true, as it is a fraud to affirm positive knowledge of that which one does not positively know. Where a party represents a particular fact to be true to his own personal knowledge, as distinguished from belief or information, when he does not know whether it is true or not, and it is actually untrue, he is guilty of falsehood, even if he believes it to be true; and if a statement is thus made with the intention that it shall be acted upon by another, who does so act upon it to his injury, the result is actionable fraud."

We think the facts of the case at bar bring it precisely within the rule thus stated, and that, Daniel Green & Co. having obtained possession of plaintiff's property under those circumstances, the title to it did not pass, and that the plaintiff was entitled to recover possession of the same, or its value, in this action. It follows that the judgment appealed from should be reversed, and a new trial granted before another referee, with costs to the appellant to abide event.

Judgment reversed, and a new trial ordered before another referee, with costs to the appellant to abide event. All concur.