DUFFY v. MEYER.

(Supreme Court, Appellate Division, First Department. December 13, 1907.)

1. EVIDENCE—PAROL EVIDENCE—WRITTEN INSTRUMENT—CONTRADICTION.
   In an action for deceit in the sale of certain corporate bonds and stock, an instrument reciting that defendant had received from plaintiff $10,000 on account of the price of 20 allotments of stock and bonds of a certain company, each allotment consisting of 1 bond and 20 shares of stock of said company, was a mere receipt, and not a contract, and defendant was entitled to contradict it by parol.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1829–1842.]

2. SAME—SCOPE OF RULE.
   The rule that parol evidence is inadmissible to contradict a written contract is inapplicable in an action for deceit in inducing plaintiff to enter into a contract by false representations and fraud.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2005–2020.]

Appeal from Trial Term.

Action by Joseph A. Duffy against Arthur L. Meyer. Motion for a new trial by defendant on exceptions ordered to be heard in the first instance by the Appellate Division, and appeal from an order granting an additional allowance. Motion granted. Order reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Abraham Benedict, for appellant.
Edward W. S. Johnston, for respondent.

LAMBERT, J. The complaint alleges as a cause of action that the defendant, with intent to cheat and defraud the plaintiff, falsely and fraudulently represented to this plaintiff that the North American Lumber & Pulp Company was a corporation duly organized under the laws

of New Jersey; that it had property of the value of its capital stock, and that the company had issued bonds secured by a mortgage covering its property, and that said bonds were valid existing obligations of said company, and were reasonably worth the face value thereof, and that the said defendant then had in his possession 20 allotments of stock and bonds of said North American Lumber & Pulp Company, each allotment consisting of 1 bond and 20 shares of stock of said company, each bond being of the par value of $1,000 and each share of stock of the par value of $100; that acting and relying upon such false and fraudulent representations of the defendant the plaintiff paid $10,-000 upon the purchase price of said bonds and stocks; that the representations were false, and the other allegations necessary to a cause of action for the fraud, the defendant never being able to deliver the said bonds and stocks. For a second cause of action the plaintiff alleges the payment of the same $10,000 on account of the purchase of the same stocks and bonds, and a refusal of the defendant to repay the same on demand, and his theory is that the defendant thus converted the money.

In the disposition of this case it is not material to consider whether this last cause of action was one in tort or on contract; for the court, by directing a verdict on both causes of action, and the judgment being in accord with such direction, it is clear that there must be a reversal of the same. Upon the trial of the action the defendant offered to prove a series of facts relating to the transaction between the parties, which, if believed, would negative, or tend to negative, the plaintiff's theory of fraud; but all of this evidence, notwithstanding the plaintiff's theory of fraud, was excluded on the ground that a certain receipt given by the defendant to the plaintiff constituted such a written contract as could not be varied by parol evidence. The receipt is as follows:

"New York, March 27, 1902.

"This is to certify that I have this day received from Joseph A. Duffy ten thousand dollars on account of the purchase price of twenty allotments of the stock and bonds of the North American Lumber & Pulp Company, each allotment consisting of one bond and twenty shares of stock of said company, which said allotments are deposited with me subject to the payment of the balance of the purchase price thereof of ten thousand dollars with interest."

This receipt was signed by the defendant only, and it seems to us clear that this is not such a mutual contract as is contemplated by the rule under which the defendant's evidence was excluded. It does not bind the plaintiff to do anything. It does not pretend to be an agreement between the parties. It is purely and simply a receipt for a sum of money on account, and in an action based upon tort it would be a strange rule if the plaintiff could be permitted to hide behind this receipt and prevent the defendant from showing a state of facts which, if believed, might constitute a complete defense. There is no fraud alleged in reference to this receipt. The evidence offered by the defendant tended to show that the name of the company was inadvertently inserted in the receipt, and that the plaintiff was fully aware of the exact transaction which was contemplated, and which the defendant was at all times prepared to perform. Fraud is never to be presumed.

It must be proved, and, where there is a charge of fraud in relation to a transaction, evidence relating to the transaction, and which has a tendency to show that it is free from fraudulent intent, is clearly competent, even though it should vary the language of a more formal contract than the one now before the court.

The rule relied upon by the court below would probably be applicable to an action upon a contract, because it is conclusively presumed that the parties expressed their intention in the writing; but it has no application in an action where the plaintiff charges fraud in the procuring of the contract. That is an issue going to the integrity of the party. It is quasi criminal, and he has a right to go to the jury upon the question of fraud, after all of the facts connected with the transaction have been placed in evidence. If there was no fraud in the representations, or by concealment of· facts on the part of the defendant, prior to the giving of this receipt, then there is nothing fraudulent in the transaction, and it was proper to show that the plaintiff, in taking the receipt, understood that he was not to have the particular stock mentioned, but another stock having relation to this company. The rule is that the jury is to determine, as a question of fact, whether there has been any representations or concealment of facts by the party charged with the fraud, and whether the representations were false and relied upon as an inducing element of the fraud alleged and relied upon. 14 Am.· & Eng. Ency. of Law, 206; Bigler v. Atkins, 7 N. Y. St. Rep. 235, 239, affirmed on opinion below 118 N. Y. 671, 23 N. E. 1145. In the case cited the court say that, before the plaintiff could recover against the defendant, the law required the—

"further fact to be established that the defendant knew the representations to be untruthful, or at least that he did not know them to be truthful, and that they were made with intent to deceive the plaintiff, and in that manner induced him to purchase the ship when he would not have done so if the truth had been known to or discovered by him."

It follows that the transactions had by the parties relating to the sale and purchase of the stock mentioned was the subject of both material and competent evidence, and that it was reversible error to exclude it over the objection and exception of the defendant. The exceptions should be sustained, and the motion for a new trial granted, with costs to defendant to abide the event. This disposes of the order granting an extra allowance.

The order should therefore be reversed.

McLAUGHLIN and LAUGHLIN, JJ., concur. PATTERSON, P. J., concurs in result.

HOUGHTON, J. (concurring). The first cause of action alleged is for fraud and deceit, and the second for conversion by refusal to repay the $10,000 which plaintiff had been induced to part.with by defendant's alleged fraud. Both causes of action, therefore, are in tort, and the rule that a written contract cannot be varied by parol evidence has no application. The action is not upon the contract itself, but for a wrong perpetrated against plaintiff. The contract is evidence of that wrong, and very cogent evidence; and the defendant may, and

probably will, have great difficulty in inducing a jury to believe that bonds other than the ones stated in the writing were to be delivered. But nevertheless he has the right to make proof of that character. False representations may be verbal, or they may be in writing. The fact that they are reduced to writing does not conclude the person who signs the writing from proving that the representations were modified by parol, or that wholly different representations were made and relied upon by the party who claims to have been defrauded. The writing is evidence of a highly probative kind, but it is not conclusive.

For these reasons, I concur in the result.