GIVEN v. POWELL.

(Supreme Court, Appellate Division, Second Department. June 9, 1911.)

FRAUD (§ 54*)—ACTION—EVIDENCE.

In an action for damages for fraud and deceit in connection with a sale of certain stock, while there was evidence of statements by defendant made recklessly, not knowing whether they were false or true, defendant was entitled to show the source of information on which the statements were based, and that he was justified in relying upon it, and made the statements in good faith.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 50, 51; Dec. Dig. § 54.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by James B. Given against Llewelyn L. Powell. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

George R. Cooper and Arthur B. La Far, for appellant.

Leon M. Woodworth and Lester S. Abberley, for respondent.

PER CURIAM. Defendant appeals from a judgment in an action for· damages for fraud and deceit, in connection with the sale of stock of the Rubber Company of America. He was a promoter, and engaged in the sale of· stock of said company.

There was a sharp conflict of evidence as to the character of the representations made. At the close of plaintiff's case, there was no direct evidence that, even if defendant made the representations testified to by plaintiff as to the amount of capital stock which had been sold for cash, the price paid therefor, as to the existence of large orders for goods manufactured by said company, and other similar matters, they were known to him to be false. It might possibly be, however, that there was then enough to go to the jury upon the theory that defendant made statements recklessly, not knowing whether they were false or true, and not caring what the effect might be, and paying no heed to the injuries which might result therefrom. Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651.

· Defendant, however, was clearly entitled to show the sources of his information, and that he was justified in relying upon it, and made the statements ·in good faith. When defendant was upon the stand, he was asked where he obtained the information from in connection with which he made the statements to plaintiff, and this was excluded. This was error. Duryea v. Zimmerman, 121 App. Div. 560, 106 N. Y. Supp. 237.

The correctness of many other rulings in the course of the trial has been challenged. As the foregoing is fatal, we need not consider any others.

The judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event.