### BARTLETT v. BLEI et al.

(Supreme Court, Appellate Term. January 10, 1912.)

CORPORATIONS (§ 121*)—SALE OF STOCK—FRAUDULENT REPRESENTATIONS—PARTIES—COMPLAINT.

Though a complaint charges that the plaintiff bought shares of stock on representations of a defendant that were false, and known to be false, and upon which the plaintiff relied, a mere allegation that another defendant was an officer and director in the company which purported to issue the shares, without other allegation and proof to connect him with the fraud, is insufficient to charge him as a defendant, and a complaint as to him is insufficient.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 121.*]

Appeal from City Court of New York, Special Term.

Action by Charlotte E. Bartlett against Robert Blei and others. From a judgment for plaintiff on demurrer to complaint, defendant James C. Stewart appeals. Reversed.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Gilbert E. Roe, for appellant.

James F. Dillon, for respondent.

SEABURY, J. This action is brought to recover damages for deceit. The complaint alleges that the defendant Blei was the owner of 600 shares of stock of the La Lux Mining & Tunnel Company, and that the defendant Youngman made certain false representations to the plaintiff, and urged her to buy said 600 shares of stock at 55 cents per share from said Blei. The complaint further alleges that the defendants Morgan and Burbank and Stewart were officers and directors of said company, and that said company advertised in magazines, printed and distributed circulars, etc., purporting to be signed by them, which came into plaintiff's possession, which said circulars, etc., contained certain false and fraudulent representations. The complaint also contains allegations asserting that the plaintiff believed the representations so made to be true, and gave Youngman $330 to pay to said Blei for said 600 shares of stock, and that the representations were in fact false, and known to be false at the time they were made. It also alleges that the defendants Blei and Youngman knew the stock to be worthless, and that defendants well knew that "said corporation was organized as a 'cloak' to cheat and defraud this plaintiff." The defendant Stewart demurs to the complaint, on the ground

that as to him it fails to state facts sufficient to constitute a cause of action. The issues raised by this demurrer were brought on to be heard by motion, and the court below overruled the demurrer and adjudged the complaint to be sufficient.

The allegations contained in the complaint were insufficient to connect the defendant Stewart with the cause of action alleged. If the defendant Stewart is to be held liable for fraud, there must be allegation and proof which will connect him with the fraud alleged to have been perpetrated upon the plaintiff. The single circumstance that Stewart was a director of a company which issued circulars containing false representations is not, in and of itself, sufficient upon which to predicate the individual liability of Stewart. Arthur v. Griswold et al., 55 N. Y. 400; Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651. The same question seems to have been passed upon by Mr. Justice Bischoff in Bartlett v. Youngman, N. Y. Law Journal, November 16, 1911,[1] and in that case the learned justice held that the complaint, which was similar to the one now before us, was insufficient.

The complaint fails to state facts sufficient to constitute a cause of action against the defendant Stewart, and the order appealed from is reversed, with $10 costs and disbursements, and the motion is granted, sustaining the demurrer, with $10 costs, with leave to plaintiff to plead over within six days after service of a copy of the order entered herewith, with notice of entry, upon payment of costs in this court and in the court below. All concur.

[1] Bartlett v. Youngman: Assuming that the motion is properly framed to present an issue of law arising upon the pleadings, the plaintiff is not entitled to judgment upon the demurrer, since there are no allegations in the complaint sufficient to connect the demurrant, the defendant Stewart, with the asserted cause of action for deceit. The bare allegation that he conspired with the other defendants who were concerned in the misrepresentation is a nonissuable conclusion. Park v. National, etc., Ass'n, 175 N. Y. 1, 67 N. E. 136, 62 L. R. A. 632, 96 Am. St. Rep. 578. Motion denied, with $10 costs.