### W. S. ROCKWELL CO. v. NAUMBURG.

(Circuit Court of Appeals, Second Circuit. November 9, 1915.)

#### No. 49.

FRAUD ☞20—FRAUDULENT REPRESENTATIONS—ACTION FOR DAMAGES.

A representation in an agreement for the sale of a process that it is secret and unpatented is one of fact, and if fraudulently or recklessly made, and the intending purchaser incurs expense in reliance thereon, affords basis for an action for damages.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 17, 18; Dec. Dig. ☞20.]

In Error to the District Court of the United States for the Southern District of New York.

Action at law by the W. S. Rockwell Company against Bernard Naumburg. Judgment for defendant, and plaintiff brings error. Reversed.

John Gerdes, of New York City, for plaintiff in error.

Morris & Plante, of New York City (H. F. Parmelee and Guthrie B. Plante, both of New York City, of counsel), for defendant in error.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WARD, Circuit Judge. This is an action to recover damages of the defendant Naumburg, treasurer of the Transformetal Tool Steel Company, on the ground that he had fraudulently represented to the plaintiff, either knowing the contrary, or recklessly, not knowing anything about it, that a certain process for manufacturing steel was owned by the Metal Company, was secret, and was not patented, in reliance upon which representation the plaintiff entered into a contract with the Metal Company with reference to such process and incurred expenses in exploiting it, whereas in point of fact the process was not owned by the Metal Company and had been patented.

There was testimony that the defendant assured the plaintiff that the process was secret and not patented; that the plaintiff insisted that this representation should be expressly stated in the contract with the Metal Company, which the defendant executed as treasurer; that the plaintiff, relying on this statement, made a contract with the Metal Company and incurred expenses in exploiting the process; that the process in question was called the Massot process; that a United States patent had been issued to Massot for this process, which patent was not owned by the Metal Company; that upon learning this fact the plaintiff immediately abandoned all operations in connection with the process.

The District Judge dismissed the complaint, first, because he held that a statement that the process was secret was a matter of opinion, and not of fact; but the representation complained of, was not that the process was secret, but that it had not been patented, which was a matter of fact. In the second place, he was of opinion that the contract between the plaintiff and the Metal Company was unenforceable by either for lack of consideration, and that it followed from this that the plaintiff could have no cause of action against the defendant. Assuming this premise to be true, the conclusion does not follow. No question of consideration is involved. Proof of damage and fraud would make a good cause of action against the defendant. Hadcock v. Osmer, 153 N. Y. 604, 47 N. E. 923. The proof that moneys had been expended by the plaintiff in reliance upon the representation was evidence of damage and the fact that the process was patented was evidence of actual or legal fraud upon the part of the defendant. Pittsburg Co. v. Northern Central Co., 148 Fed. 674, 78 C. C. A. 408; Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651. If he made the representation honestly, but without knowledge, it would be a question for the jury whether he made it recklessly. This would depend upon circumstances. That the representation was not made incidentally or lightly is to be inferred from the fact that the plaintiff insisted that it should be expressly stated in the contract with the Metal Company which the defendant executed. We think the plaintiff made out a prima facie case, which should have gone to the jury.

The judgment is reversed.