GEORGE W. BENNETT, Appellant, *v.* BURCH-BUELL MOTOR CORPORATION, Respondent.

Fourth Department, November 2, 1927.

**Fraud and deceit — evidence — action based on fraud in sale of automobile — oral evidence of false statements admissible though contract was in writing.**

In an action to recover damages for common-law deceit alleged to have been practiced upon the plaintiff in the sale of an automobile to him by the defendant, oral evidence is admissible to prove the false statements made by the defendant, notwithstanding the contract for the purchase of the automobile is in writing. The action in this case is not on the written contract.

APPEAL by the plaintiff, George W. Bennett, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Wayne on the 9th day of March, 1927, upon the dismissal of the complaint at the close of the entire case.

*Converse & Converse* [*F. E. Converse* of counsel], for the appellant.

*Heiby W. Ungerer*, for the respondent.

CROUCH, J. The action is in tort for common-law deceit. The complaint in substance alleges that by reason of certain false statements knowingly made by defendant, plaintiff was deceived and induced to buy a certain automobile to his injury and damage.

Upon the trial plaintiff offered to prove the false statements. Defendant objected to the proof upon the ground that the contract of purchase was in writing and that oral testimony to vary its terms was inadmissible. The objection was sustained and plaintiff was nonsuited.

It is reasonably clear that the fraud here alleged was in the treaty and not in the factum. The written contract was not void, but voidable. Had the action been brought for breach of the written contract the evidence offered would have been inadmissible. So, also, if it had been brought for breach of an oral contract, which included terms not in the written contract. But the action here is neither of those.

The remedies open to a person in plaintiff's plight have often been pointed out. (*Kountze* v. *Kennedy*, 72 Hun, 311, 314; affd., 147 N. Y. 124; *Whipple* v. *Brown Brothers Co.*, 225 id. 237, 259.) One of them is to keep what he has received and to sue for damages for the fraud. This is what plaintiff here has done.

We think the evidence offered should have been received. The

judgment should, therefore, be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide event.