Charles D. Owens, Respondent, v. George S. Waterhouse and Others, Appellants.

Fourth Department, March 13, 1929.

*Lee, Ward & Gilrie* and *William A. Gold* [*George F. Thompson, Elijah W. Holt* and *John S. Lambert* of counsel], for the appellants.

*Edwin McKnight,* for the respondent.

CROUCH, J. The action is to recover damages for common-law deceit. Plaintiff alleges that he exchanged an $18,000 mortgage for certain worthless securities in reliance upon fraudulent misrepresentations made by defendants. There was sufficient evidence of all the tort elements (*Ochs* v. *Woods*, 221 N. Y. 335) to warrant the verdict of the jury for plaintiff unless the law relating to scienter as charged by the trial court was erroneously stated. In varying forms the jury was told that if it should find from all the evidence that defendants assumed and intended to convey

to plaintiff the impression that they had actual knowledge — as distinguished from mere belief or opinion — that the statements made were true, well knowing and being conscious that they did not have such actual knowledge, then, even though they believed them to be true, the plaintiff might recover if the statements were in fact false and the other necessary elements were found in his favor. To the law as thus stated defendants excepted and requested the court " to charge * * * that if the jury is satisfied that they [the defendants] had no knowledge of the falsity of any statements made, and believed them to be true, there can be no verdict against them." The request was denied. We think there was no error. To make a misrepresentation tortious there must be an intent to defraud. " The gravamen of the action is actual fraud, and nothing less will sustain it." (*Kountze* v. *Kennedy,* 147 N. Y. 124, 129.)

The culpable intent is ordinarily found in the knowledge, or at least in the belief, of the actor that his statement is false. But it may be predicated on other circumstances which have been held to amount to the same thing. Thus " a representation made without knowing whether it was true or false, and where the party making it was indifferent whether it was true or false," will sustain an action. (*Kountze* v. *Kennedy, supra.*) This equivalent has been shortly called " reckless indifference." (CARDOZO, J., in *Smith* v. *Hedges,* 223 N. Y. 176, 184.) It amounts to scienter because it excludes any possibility of real belief in the truth of the fact asserted.

Another equivalent is " pretense of exact knowledge." (*Smith* v. *Hedges, supra.*) This it was which the trial judge told the jury would be sufficient; and he took his language largely from the opinions in *Wakeman* v. *Dalley* (51 N. Y. 27) and *Hadcock* v. *Osmer* (153 id. 604). This court tersely stated the same rule in *Churchill* v. *St. George Development Co.* (174 App. Div. 1, 6).

It is true that the evidence shows no express and literal statement by defendants, collateral to and accompanying their main representations, that the facts represented were true of their personal knowledge. The court left it to the jury to say whether, considering the form, manner and substance of defendants' main statements and all their acts and conduct in connection therewith, the collateral representation of personal knowledge was implied. In certain cases, and we think this is one of them, such a disposition is not improper. Here the jury could find that many false statements of fact were made by the defendants, not upon information, not upon belief, not as matter of opinion, but positively and without qualification; and as to some of them there were

accompanying statements to the effect that defendants had personally investigated and inspected the property or parts of it owned by the concerns whose securities defendants were selling; and defendants were officers and directors of one of those concerns. We think the evidence ample to warrant the finding of an implied representation of exact personal knowledge. (See 25 Yale L. J. 87, 96, " Intent to Defraud," by Henry T. Terry.)

Of the other questions raised by appellants but one need be discussed. One of the alleged misrepresentations was that certain securities were first mortgage bonds. A witness for plaintiff was permitted over objection to testify that defendant Bennett, three weeks or more after the sale of the securities to plaintiff, had stated to witness that the bonds were first mortgage bonds. The evidence did not show a completed transaction with the witness or that he had been defrauded by means of the statement. For that reason error is asserted. The form of the objection was probably insufficient to raise the point. However, we think the ruling was correct. In such actions, evidence of other similar contemporaneous acts is competent on the question of intent. (*Mayer* v. *People*, 80 N. Y. 364; *Beuerlien* v. *O'Leary*, 149 id. 33.)

There are some cases, the opinions in which contain statements to the effect that this rule does not include transactions where a fraud was not actually accomplished. (See *Darling* v. *Klock*, 33 App. Div. 270, and cases cited on page 274; affd., 165 N. Y. 623.) All of these statements seem to rest on the decision in *Hall* v. *Naylor* (18 N. Y. 588). But that case is no authority for such an exception. The ruling there rested on the ground, not that a fraud had not been actually accomplished by the contemporaneous transaction, but that a fraud under the circumstances was legally impossible and hence the transaction could involve no question of intent. If the transaction had been one where fraud was possible, an attempt, though unsuccessful, to defraud by means so similar to those used in the principal transaction that the same motive might reasonably have been imputed to both, could have been shown. (*Hersey* v. *Benedict*, 15 Hun, 282, 287; *White* v. *Schreiber*, 86 id. 348; affd., on opinion below, 154 N. Y. 782.) It is the similarity of acts in time and character taken cumulatively against the background which makes this sort of evidence relevant. " The two are to be viewed conjunctively, with all the sidelights cast by one upon the other." (*People* v. *Gerks*, 243 N. Y. 166, 170.)

The background here shows defendants carrying on, in the community where both plaintiff and the witness lived, a stock selling campaign in the best modern tradition. A dinner to a selected few, including plaintiff, is given by one of the defendants.

Follows a more or less public meeting, intended to reach all prospects, which is addressed by another of the defendants. Then the selling agents are turned loose. Plaintiff succumbs. The witness in question, about the same time and evidently as part of the same campaign, similarly approached, manages, so far as the evidence shows, to keep his sales resistance intact. The character of the two transactions does not differ because the results did. To the extent that one repetition may reduce the likelihood of mistake or mere coincidence the evidence was properly admitted.

The judgment and order should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment and order affirmed, with costs.