Julius J. Gans, J.
This action is brought to recover damages for fraud and is based upon certain representations made to the plaintiffs by the defendant, which statements, it is alleged, were false and known to be false by the defendant when made, and were made with intent to and did deceive the plaintiffs and induce them to enter into a contract.
The case was tried without a jury, findings of fact and conclusions of law were waived. Defendant rested at the end of the plaintiffs’ case and moved for dismissal of the complaint.
The defendant was the building contractor and had the legal title to a new house and lot, known as No. 1458 Dwight Place, in the County of Bronx, City of New York. On October 17,1952 the plaintiff, John Kiechle, in the company of the defendant examined the house, and when they were in the basement plaintiff observed that the cellar was dry but called the defendant’s attention to the roughness of the floor. When he inquired about the roughness of the floor, the defendant said: “You don’t have nothing to worry about. I am a builder for many years. You have absolutely a dry cellar. The walls are tar outside, and you have nothing to worry about the water.”
The plaintiffs subsequently negotiated with the defendant and on November 6, 1952 entered into a contract with him for the purchase of the house for the sum of $24,500. On December 3, 1952 the defendant executed and delivered to the plaintiffs a bargain and sale deed to the premises. The plaintiffs took possession, and the cellar was dry.
On December 6, 1952 plaintiffs, for the first time, observed that water was coming through the cellar floor and continuing in increasing volume when on December 14, 1952, it reached a depth of one foot. When informed of this, the defendant made attempts to correct the condition and on December 20, 1952 gratuitously installed a sump pump, but, nevertheless, the water continued coming up into the cellar.
The defendant urges that since plaintiffs’ action is in fraud, they are relegated to the remedy in equity to have the contract declared void and prior thereto must meet the requirement of tendering the property back and any benefit they may have gained by it. It is also contended that the parol evidence rule applies. These arguments are unavailing.
*1018 Plaintiffs having elected to affirm the contract and seeking to recover damages sustained by the fraud, parol evidence of the false representations which induced the contract, is admissible. (Bennett v. Burch-Buell Motor Corp., 221 App. Div. 517; Duffy v. Meyer, 122 App. Div. 838.) Likewise the false representations may be shown in a tort action, even though the contract contains a clause providing that the agreement may not be changed orally. (Bareham & McFarland, Inc., v. Kane, 228 App. Div. 396; Saklaris v. Evangelista, 155 N. Y. S. 2d 256; Hellinger v. Abeles, 128 N. Y. S. 2d 624, affd. 283 App. Div. 726.)
In the Bareham case (supra) the court said at page 401: ‘ ‘ The rule that all oral conversations are merged in a written contract does not apply. Neither does the provision in the contract, to the effect that the agreement is not to be limited or qualified by any other promise, change the situation. If it were otherwise, a defrauded party would be powerless to give any evidence of representations which induced a contract.”
Accordingly, defendant’s motion to dismiss the complaint, on which decision was reserved, is herewith denied. The defendant’s counterclaim is dismissed.
I find that the statement made by the defendant to the effect that the cellar was absolutely dry and that the plaintiffs have nothing to worry about as to water, was false, and known to be false by the defendant. This representation was a statement of a material fact and is actionable (Frank v. Bradley & Currier Co., 42 App. Div. 178; Applegate Realty Corp. v. Morrisart Realty Corp., 114 N. Y. S. 2d 677). In Daly v. Wise (132 N. Y. 306, 312) it is stated: “ In case a party, for the purpose of inducing another to contract with him states, on his personal knowledge, that a material fact does or does not exist, without having knowledge whether the statement is true or false, and without having reasonable grounds to believe it to be true, is liable in fraud, if the statement is relied on and is subsequently found to be false, although he had no actual knowledge of the untruth of the statement.” (Ryan v. State of New York, 192 Misc. 408.)
I am satisfied that the plaintiffs relied on such representations which deceived and caused them to sustain damages in the sum of $1,100, the amount required to rebuild the basement flooring. I direct that judgment be entered in favor of plaintiffs against the defendant in that amount.
The foregoing constitutes the decision of the court, and in accordance with the provisions of section 24 of the New York City Court Act, 15 days’ stay and 30 days to make a case.