■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE COBLE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, who was convicted of criminal possession of stolen property in the second degree, argues that it was error to admit evidence at trial which was the subject of another pending indictment. The evidence was probative of defendant's knowledge that the property was stolen, an element of criminal possession of stolen property (Penal Law § 165.45 [2]), and we find that its probative value outweighed any potential prejudice *(People v Allweiss,* 48 NY2d 40, 47). Although we find some prosecutorial misconduct, we do not find that defendant was thereby deprived of a fair trial *(People v Hopkins,* 58 NY2d 1079, 1083). We have examined defendant's other arguments and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J.—criminal possession of stolen property, second degree.) Present—Callahan, J. P., Denman, Boomer, Green and Pine, JJ.

■ ROBERT C. SCHLUETER, JR., Appellant, v ROCKWELL REALTY, Respondent.—Order unanimously reversed, on the law, with costs, and judgment of Webster Town Court reinstated. Memorandum: Town Court's judgment for plaintiff on his small claim did substantial justice according to the rules of substantive law (UJCA 1804) and County Court departed from those principles in reversing the judgment and dismissing the complaint (UJCA 1807). In paying the mortgage points at closing, in demanding reimbursement from defendant, and in subsequently instituting an action against defendant for the damages incurred by plaintiff as a result of defendant's acts of fraudulent inducement, plaintiff made clear his election to affirm the contract and proceed on a fraud theory. Consequently, County Court erred in holding plaintiff to be precluded by the parol evidence rule and the Statute of Frauds from establishing his reliance upon the defendant's fraudulent representations that the seller would pay the mortgage points *(see, Wittenberg v Robinov,* 9 NY2d 261, 264; *Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 408; *Bennett v Burch-Buell Motor Corp.,* 221 App Div 517). (Appeal from order of Monroe County Court, Cornelius, J.—breach of contract.) Present—Callahan, J. P., Denman, Boomer, Green and Pine, JJ.